May Term,
1846.

CROSS
v.
CARSON.

Friday,
July 10.

---

CROSS and Others *v.* CARSON.

If land be conveyed in fee-simple on condition subsequent and the condition be
not performed, the estate may be defeated by the entry of the grantor or his
heirs, but until such entry, the grantee or his heirs will hold the land.

The minority of the heirs of the grantee does not excuse them from the performance of the condition.

A stranger to the deed can take no advantage of the breach of the condition.

Nor has a creditor of one of the heirs of the grantor any remedy against the
land, unless it be by an execution at law against that portion of it which may
belong to such heir after the right of entry shall have been exercised.

Friday,
July 10.

ERROR to the *Posey* Circuit Court.

DEWEY, J.—This was a bill in equity having for its object
to charge a tract of land with the payment of a debt.   The
bill alleges that one *Lawrence Stull*, about the 3d of *October*,
1827, conveyed to his son *James Stull* and his heirs a certain
tract of land "in consideration and on the condition" of the
said *James* and his heirs maintaining one *Gassaway Stull*, an
idiot, the brother of *James*, during his life; that *James Stull*
took charge of the idiot, and supported him until *June*, 1832,
when *James* died; that after the death of *James*, his widow
and family abandoned their residence, leaving the idiot there
unprotected and destitute; that the idiot, soon afterwards,
came to the house of the complainant, *Carson*, and against
his will remained there nearly two years, during all which

time the complainant was compelled to support him; that the idiot at the end of that period died; that the complainant was justly entitled to receive 289 dollars for supporting him; that *Lawrence Stull* died about six months after *James*, having made no further provision for the idiot than the conditional conveyance above mentioned; that the complainant often requested the widow of *James Stull*, and the other relatives of the idiot, as well as the overseers of the poor, to take him away, which they all neglected and refused to do, and, after his death, refused to pay the complainant's charge for maintaining him. The widow, infant children, and the brother of *James Stull*, are made the defendants to the bill, the prayer of which is that the land conveyed by *Lawrence Stull* to *James Stull* may be charged with the payment of the complainant's bill for keeping the idiot, and may be sold to raise assets for that purpose.

The bill was taken as confessed against the widow and brother of *James Stull*, who were adults. The children and heirs being minors answered by their guardian *ad litem*, denying all knowledge of the matters contained in the bill, and requiring proof.

The Circuit Court, after hearing parol evidence which is not spread upon the record, decreed that the sum of 289 dollars was due the complainant for keeping the idiot; that the sheriff sell the land in question; that from the proceeds of the sale he first pay the costs of the suit, then the debt of the complainant, and that he pay the balance, if any, into Court.

There are several errors in these proceedings sufficient to reverse the decree, but it will be necessary to notice but one of them, which is, that the bill shows no equity. The deed from *Lawrence Stull* to *James Stull*, mentioned in the bill, is spread upon the record. Our opinion is that it conveyed to *James Stull* and his heirs a fee-simple estate, conditional upon his and their supporting the idiot during his life. This is a condition subsequent, and was broken by the failure of the heirs to maintain the idiot after the death of their father. The minority of the heirs did not excuse them from the performance of this express condition. The condition being broken, the estate was forfeited, and became liable to be destroyed by the entry of the heirs of *Lawrence Stull*, the gran-

tor. But until such entry be made the heirs of *James Stull* will hold the land. Upon the exercise of the right of entry by the heirs of *Lawrence Stull*, the estate will revert to them. The complainant, being a stranger to the deed, can take no advantage of the breach of the condition. Nor has he any remedy, so far as the land in question is concerned, unless he can reach, by an execution at law, that portion of it (if any) which will belong to the estate of the idiot, as one of the heirs of the grantor, after the right of entry shall have been exercised.

*Per Curiam.*—The decree is reversed with costs. Cause remanded, &c.

*W. W. Wick* and *L. Barbour*, for the plaintiffs.

*J. Pitcher*, for the defendant.