*T. D. & R. L. Walpole,* for the appellant.

*D. S. Gooding,* for the appellee.

———————— ◄►◄► ————————

## BOYER and Another *v.* TRESSLER.

A stranger to a deed or contract can take no advantage of a breach of its conditions.

APPEAL from the *Cass* Circuit Court.

WORDEN, J.—Action of replevin by *Tressler,* against the *Boyers,* for a horse.

Trial; verdict and judgment for the plaintiff, as against *Boyer, Jr.;* and verdict and judgment for the defendant, *Boyer, Sr.*

Both the *Boyers* appealed. It is difficult to conceive that the elder *Boyer* was injured by any ruling of the Court below, as he obtained a verdict and judgment.

There is but one question raised in the case, and that relates to the ruling of the Court, in excluding certain evidence offered by the defendants. It appears that in *June,* 1860, *Boyer, Sr.* and *Tressler,* entered into a written contract, which was lengthy, and need not be here set out, by which *Tressler* was to build for *Boyer* a certain house, to be paid for as therein provided. *Tressler* commenced the work, and after the house was raised and weather-boarded, he received the horse in controversy, in part payment for the work, and executed the following receipt therefor:

"Received, *August* the 30th, 1860, of *Daniel Boyer, Sr.*, by the hands of *Daniel Boyer, Jr.*, one horse at 80 dollars, pay towards building a house, according to an article in the hands of *George Gish;* and in case I, *Levi Tressler*, fail in complying according to the article aforesaid, then the horse shall be *Daniel Boyer's* again.                    Levi Tressler."

The plaintiff kept the horse until the 20th of *December*, 1860, when *Boyer, Jr.* came and took him from the plaintiff's possession, the plaintiff at the time forbidding him. On the trial the defendant offered to prove that *Tressler* had not done the work according to the contract, and had failed to comply therewith. The testimony was rejected, and exception taken.

We think by the terms of the receipt, the title to the horse vested in *Tressler*, but subject, perhaps, to be divested upon his failure to comply with the contract. The condition was clearly not precedent, but subsequent. It does not appear that *Boyer, Sr.* ever in any manner sought to take advantage of the breach of the condition subsequent. The contract was between him and *Tressler*, and with which *Boyer, Jr.* had nothing to do. *Boyer, Sr.* never took the property from the plaintiff, or took any steps to re-vest the title in himself. It does not appear that *Boyer, Jr.* took the horse from the plaintiff by virtue of any authority from *Boyer, Sr.* He was a stranger to the contract, and, so far as appears, an intermeddler without right. A stranger to a deed can take no advantage of the breach of a condition. *Cross v. Carson*, 8 Blackf. 138. So far as *Boyer, Jr.* is concerned, it is wholly immaterial whether *Tressler* complied with his contract or not. *Tressler's* failure gave *Boyer, Jr.* no right whatever to interfere with the property, and the evidence as to him was correctly excluded. Had it appeared, or had the defendant offered to show in connection therewith, that *Boyer, Jr.*, in taking the horse from the plaintiff, was acting as the agent

Knight and Another *v.* Lieber and Others.

and by direction of *Boyer, Sr.*, a different question would have been presented.

*Per Curiam.*—The judgment is affirmed, with costs.

*E. Walker* and *J. R. Flynn*, for the appellants.

*D. D. Pratt* and *D. P. Baldwin*, for the appellee.