McKittrick *v.* Glenn *et al.*

No. 14,058.

McKITTRICK *v.* GLENN ET AL.

NEW TRIAL.—*As of Right.*—*Action to Cancel Deed and Revest Title.*—In an action by a grantor to set aside a deed and revest title, on the ground that the conveyance had been obtained by fraud and undue means, a party is entitled to a new trial as a matter of right under the statute.

From the Vanderburgh Superior Court.

*J. E. Iglehart* and *E. Taylor*, for appellant.

*D. B. Kumler, A. Gilchrist, C. A. DeBruler* and *G. F. Denby*, for appellees.

NIBLACK, C. J.—On the 4th day of September, 1884, Mrs. Eliza McKittrick, of the city of Evansville, executed a deed conveying certain real estate in the counties of Vanderburgh and Ripley, respectively, and all of the personal property owned by her, to William Glenn and John H. Ebersole, of the city of Cincinnati, in trust for certain alleged and specified purposes.

This was an action by Mrs. McKittrick against Glenn and Ebersole to set aside that deed, upon the ground that, owing to mental infirmities resulting from advanced age and other causes, and to undue influences exercised upon her, she was wrongfully and improperly induced to execute it.

Other persons named as beneficiaries under the deed were also made parties defendants.

Glenn and Ebersole answered separately, forming issues upon the complaint. They also filed a cross-complaint, averring that they were the owners of the real estate described in the deed of conveyance, in trust and for the uses and purposes therein described; that the plaintiff had set up an adverse claim to such real estate, thereby casting a cloud upon their title. Wherefore they demanded that their title might be quieted.

To this cross-complaint there was an answer in general denial. There was a finding and judgment for the defendants; also, in favor of Glenn and Ebersole upon their cross-complaint.

Mrs. McKittrick thereupon moved the court for a new trial as of right, under the provisions of section 1064, R. S. 1881, but the court, construing that section as not applicable to a case like this, refused to grant the motion.

It has often been held that in an ordinary suit to set aside a conveyance as fraudulent, for the purpose of subjecting the lands attempted to be conveyed by it to the claims of creditors, a party is not entitled to a new trial as of right under the section of the statute in question; but this is not a proceeding of that character, its object being to revest the title in lands in one from whom a conveyance had been obtained by fraud and undue means. In a case of this latter kind, a party is of right entitled to a new trial. *Warburton* v. *Crouch,* 108 Ind. 83.

The motion of Mrs. McKittrick ought, consequently, to have been sustained.

The judgment is reversed, at the costs of Glenn and Ebersole, and the cause is remanded for further proceedings.

Filed Oct. 23, 1888.