Sherrin *v.* Flinn.

## SHERRIN ET AL. *v.* FLINN.

[No. 18,850. Filed November 21, 1900.]

CANCELATION OF INSTRUMENTS.—*Fraud.*—*Deeds.*—*Quieting Title.*— A complaint to obtain the cancelation of a deed executed by plaintiff, and to quiet his title to the land described, alleged that plaintiff, who was old and infirm, conveyed his farm, of the value of $6,000, to his daughter and her husband in consideration of their oral promise to give him a home with them on the land so long as he should live, and to support, provide for, nurse, and take care of him when sick, and for the further consideration that the grantees should execute to him their promissory notes for $1,000 with interest, payable at such time as should be agreed upon; that after the executior of the deed the grantees failed to provide him with a home, and refused to execute their notes as agreed. *Held*, that the facts averred showed fraud and were sufficient to entitle plaintiff to a judgment canceling the deed and quieting his title to the land. *pp. 423-428.*

QUIETING TITLE.— *Damages.*—*Complaint.*— The fact that damages were claimed for the use of the land, and on account of the cutting and removal of the timber therefrom, did not render an action to set aside a deed of conveyance to the land and quiet the title thereto any less an action to quiet title. *p. 428.*

From the Grant Circuit Court. *Affirmed.*

*Austin De Wolf, G. A. Henry* and *P. H. Elliott,* for appellants.

*A. E. Steele, W. S. Marshall* and *J. A. Kersey,* for appellee.

DOWLING, J.—Suit by the appellee against the appellants to obtain the cancelation of a deed executed by appellee, and to quiet his title to the land therein described. Complaint in two paragraphs. The material allegations of the first paragraph are that the appellee was the owner in fee simple of the two tracts of land described in the complaint, situated in Grant county, Indiana, of the value of $6,000; that the appellant, Huldah M. Sherrin, is the daughter of the appellee, and that her codefendant, Levi, is her husband; that the appellants, having first acquired the confidence of the appellee by simulated kindness to him, for the purpose of cheating and defrauding him, and depriving him of his said land, and aided by the father of the appellant Levi, who was a trusted friend of the appellee, persuaded the appellee to convey his said lands to the appellants, jointly, by warranty deed, in consideration of their oral promise to give him a home with them on said lands so long as he should live, and to support, provide for, nurse, and take care of him when sick, and for the further consideration that appellants should execute to the appellee their promissory notes for $1,000, bearing interest at the rate of six per centum per annum, and payable thereafter at such time as should be agreed upon; that at the time of such persuasion appellee was growing old, he was in feeble health, he was easily influenced by the appellants, he confided in their honesty and affection, and he fully relied upon their said promises. In this confidence and belief, and without any other consideration than the promises aforesaid, he executed to the appellants, jointly, a deed of conveyance of and for his said lands, and put them in possession thereof; that when said promises were so made, the appellants had no intention of performing them, and made the same fraudulently, solely for the purpose of obtaining such conveyance; that immediately after securing said deed, the appellants changed their demeanor toward appellee, and thereafter treated him only with coldness, indifference, and

Sherrin *v.* Flinn.

neglect in health and sickness; that they failed to provide him with a home as they had agreed to do, and refused to execute their notes for the said sum of $1,000; that the appellants by their unkindness attempted to drive the appellee from their home on said lands, and when they found they could not succeed by that means they leased said lands to strangers, and moved away therefrom; that appellants have had the possession of said lands ever since the execution of said deed, to wit, from April 5, 1894; that the rents and profits for the time they have held said lands are worth $1,500, and that they have cut and removed timber from said lands of the value of $300. It is further averred that, before bringing the action, appellee demanded that appellants carry out their agreement with him, but that they refused to do so, and that he then demanded a reconveyance of the said lands, and the surrender of the possession thereof, which requests, also, were refused; that appellants are entirely insolvent, and have no property subject to execution.

The relief demanded is that the deed executed by appellee be decreed void, that appellants be required to reconvey said lands to appellee, and upon their failure to do so that such conveyance be made by a commissioner of the court, that appellee's title to said lands be quieted as against the appellants, that he have judgment for $2,000 damages, and other proper relief.

The second paragraph of the complaint does not differ materially from the first.

Appellants demurred to each of these paragraphs. Their demurrers were overruled, and they filed a joint answer in denial. The cause was tried by the court, and there was a finding and judgment in favor of the appellants. Appellee thereupon filed a motion for a new trial as of right, with the proper undertaking, and this motion was sustained. Appellants moved to set aside the order granting the new trial, and to restore the judgment. Their motion was over-

ruled, a change of judge was demanded by appellee, and the cause was transferred to the Grant Circuit Court. It was tried by the court, and there was a general finding in favor of the appellee. Judgment was rendered on the finding to the effect that the appellee was the owner in fee simple of the lands in controversy; that his title thereto be quieted; that he recover the possession thereof, and that he recover his costs.

Appellants moved for a new trial on the ground that the finding was not sustained by sufficient evidence, and that it was contrary to law. Motion overruled. Exceptions to the rulings of the court were properly reserved by appellants.

Error is assigned upon the decisions of the court on the demurrers to each paragraph of the complaint; in granting a new trial to appellee as of right; in refusing to vacate the order granting the new trial; and in overruling appellants' motion for a new trial.

The appellee objects to the consideration of the errors assigned because of certain alleged imperfections in the record, but, in view of the subsequent proceedings of the parties, these objections cannot prevail. *Powell* v. *Bunger,* 91 Ind. 64; *Louisville, etc., R. Co.* v. *Lockridge,* 93 Ind. 191.

Counsel for appellants insist that neither paragraph of the complaint states a cause of action. They assert that the facts pleaded entitle the appellee neither to a decree quieting his title, nor to a judgment for the recovery of the lands.

It is very clearly shown in each paragraph that the appellee was the owner of the lands in dispute; that the execution of the deed under which the appellants claim title to the land, was obtained by imposition and fraud; that the appellants hold and claim the lands by virtue of that deed; and that the conveyance ought to be set aside. It also appears that the legal title to the land is in the appellants; that the title of the appellee is an equitable one, and that

the relief to which he was entitled, and which he demanded, was that his title be quieted as against any claim of the appellants. These averments, we think, were sufficient. *Brown* v. *Ogg,* 85 Ind. 234; *Stockton* v. *Lockwood,* 82 Ind. 158; *Grissom* v. *Moore,* 106 Ind. 296, 55 Am. Rep. 742; *Kitts* v. *Willson,* 106 Ind. 147; *Hall* v. *Durham,* 109 Ind. 434; *Ikerd* v. *Beavers,* 106 Ind. 483; *Otis* v. *Gregory,* 111 Ind. 504; *Anderson* v. *Anderson,* 128 Ind. 254; *Comegys* v. *Emerick,* 134 Ind. 148, 39 Am. St. 245.

The facts stated in the complaint make a strong case for the interposition of a court of equity. Transactions of this character, where an aged and infirm parent transfers valuable property to a child, without consideration, or upon a promise of a home and maintenance, are closely scrutinized by the courts, and no tolerance is shown to anything resembling fraud or deceit on the part of the grantee. *Ikerd* v. *Beavers, supra.*

The agreement as described in the complaint was unfair and unconscionable. The deed executed by the appellee was, on its face, absolute and unconditional, and purported to be made in consideration of $1,000 in money paid to the grantor. The land was alleged to be worth $6,000. No power of revocation, or covenant for the benefit of the grantor, was contained in the deed. No written evidence of the agreement of the grantees to furnish a home for their aged relative, and to take care of him, was executed. The appellee parted with his lands upon the faith of a mere oral promise of the appellants that they would furnish him a home with them on the lands, that they would take care of him, and that they would pay him $1,000 with interest. It is charged that they made these promises solely for the purpose of obtaining the deed, and that they never intended to perform any of them. The demurrers admit the truth of these averments.

In view of the relation between the parties, the age and infirmities of the grantor, his dependence upon the appel-

lants, and the fact that the proposed conveyance of the land was, practically, a gift, the conduct of the appellants constituted a fraud upon the appellee, and he was entitled to a cancelation of the deed, and to a judgment quieting his title to the land.

The doctrine laid down in Cooley on Torts, 603, (2nd ed.) is directly applicable here. That author says: "And if it [equity] can discover that any acts, or stratagems, or any undue means have been used to procure such gifts; if it can see the least speck of imposition, or that the donor is in such situation in respect to the defendant as may naturally give him an undue influence over him; if, in a word, there be the least scintilla of fraud, a court of equity will interfere." *Chambers* v. *Chambers,* 139 Ind. 111, 115; *Ewing* v. *Wilson,* 132 Ind. 223, 230, 19 L. R. A. 767; *Basye* v. *Basye,* 152 Ind. 172.

Each paragraph of the complaint was sufficient, and the demurrers to the same were properly overruled.

The second and third errors assigned question the correctness of the ruling of the trial court in granting to the appellee a new trial as of right, upon the first hearing of the cause. What has already been said is sufficient to dispose of this branch of the appeal. Each paragraph of the complaint was not only good as against a demurrer for want of facts, but was sufficient as a complaint to quiet title.

*Warburton* v. *Crouch,* 108 Ind. 83, is in point, and the language used there may aptly be applied here: "This is not an ordinary suit to set aside a fraudulent conveyance, and subject the land to the claims of creditors, but it is a suit to revest title in an owner whose land had been obtained from him by fraud, and subsequently conveyed to a fraudulent grantee. The title to the land was directly in question and was necessarily adjudicated. In truth, the second paragraph of the complaint is nothing more than a claim for the recovery of real estate, specifically set forth. The case is, therefore, fully within the doctrine declared in

*Adams* v. *Wilson, supra,* and a new trial was demandable as of right. *Physio-Medical College* v. *Wilkinson,* 89 Ind. 23." *Adams* v. *Wilson,* 60 Ind. 560; *McKittrick* v. *Glenn,* 116 Ind. 27; *Comegys* v. *Emerick,* 134 Ind. 148.

The fact that damages were claimed for the use of the land, and on account of the cutting and removal of timber therefrom, did not render the action any less an action to quiet title. "The damages are merely incidental to the principal right." *Bisel* v. *Tucker,* 121 Ind. 249. Our conclusion is, therefore, that the court did not err in sustaining appellee's motion for a new trial as of right, and in overruling appellants' motion to set aside the order for such new trial, and to restore the judgment.

In the last place, it is contended that the court erred in overruling appellants' motion for a new trial. A careful reading of all the evidence satisfies us that it is sufficient to sustain the finding. It cannot be said that there is a failure of proof upon any material point. The evidence might have been stronger and clearer, but in cases of this class a court of equity does not require a plaintiff to establish his claim beyond doubt. Some evidence in support of every material allegation of the complaint was before the trial court. In a case of this character, the opportunity of seeing the parties, and their witnesses, comparing the parties with respect to intelligence, shrewdness, force of character, and other conditions, is of the highest importance in enabling the court to arrive at a just conclusion as to the merits of the controversy. The trial court possessed this advantage, and, we must presume, availed itself of it in determining the cause. We are not at liberty to weigh the evidence, as the trial court was bound to do, and we cannot say that the decision of that court upon the motion of the appellants for a new trial was erroneous.

No objection to the form and scope of the judgment having been taken below, the appellants are not in a situation to make that objection here. Judgment affirmed.