THE FEDERAL LAND BANK OF LOUISVILLE

*v.* LUCKENBILL ET AL.

[No. 26,993. Filed March 10, 1938. Rehearing denied
April 5, 1938.]

*John S. Grimes, J. F. Williamson, Roger D. Branigan* and *Bowser & Bowser,* for appellant.

*Gates & Gates,* for appellees.

SHAKE, J.—On April 16, 1923, Barbara Armold and John Armold, her husband, conveyed to the appellee Wayne T. Cummins a forty-acre farm in Whitley County, Indiana. The deed contained the following recital: "The grantee has stayed with and cared for grantors for a considerable time and has done said work in a careful and affectionate manner, and now in further consideration that he will remain with grantors on said farm, and will care for grantors in sickness and in health during the entire lifetime of both or either of them in said manner, and in consideration of grantee's agree-

ment that he will pay all of the debts now owed by grantors or either of them, will pay all doctor bills now owing or which may hereafter be incurred, will pay all taxes, assessments and interest, will pay all funeral expenses of both of grantors and will cause to be erected at their graves one monument for both of them to cost not to exceed Two Hundred Dollars ($200.00), and that he will run and operate said farm and use the proceeds therefrom for the purpose above set out and will personally pay any and all amounts incurred for said purpose and not realized from said farm and that he will to the best of his ability make and maintain for said grantor a comfortable home on said real estate."

Cummins went into immediate possession; the deed was promptly recorded; and on the day following its delivery, John Armold died. Barbara died April 1, 1924. Luckenbill & Stickler performed funeral services for the burial of Mr. and Mrs. Armold, for which there is an unpaid balance due amounting to $456. The appellees U. Schuyler Luckenbill and Argyle R. Luckenbill are the assignees of Luckenbill & Stickler.

On December 23, 1924, Wayne T. Cummins mortgaged the land conveyed to him by Mr. and Mrs. Armold, together with other real estate, to the appellant, The Federal Land Bank of Louisville.

This action was begun by the appellees Luckenbill and Luckenbill by complaint in two paragraphs. The first paragraph recited the conveyance to Cummins, on the conditions above set out, and alleged that Cummins was indebted in the sum of $456 for the burial expenses. It asked for a judgment against Cummins and that the judgment be declared a charge on the real estate conveyed by Mr. and Mrs. Armold. The second paragraph recited the same facts, and, in addition, that Cummins had mortgaged the premises to the appellant. It sought

to establish a lien on the real estate, first and prior to the mortgage.

There was a demurrer to each paragraph of complaint, which was over-ruled. Appellant filed a cross-complaint for the foreclosure of its mortgage. On the trial there was a finding for appellees Luckenbill and Luckenbill on their complaint, and for the land bank on its cross-complaint. The court further found that the sum due for the burial of Mr. and Mrs. Armold was a lien on the real estate conveyed by them to Cummins, and that said lien was prior to the mortgage lien of the land bank. Judgment was rendered accordingly. Appellant filed a motion for a new trial, which was denied, and this appeal followed. Error is assigned on the overruling of the demurrer to the complaint and in denying a new trial.

The separate assignments of error present the same propositions. Appellant claims that the agreement contained in the deed from Mr. and Mrs. Armold to Cummins created no lien on the land, but that the deed conveyed a fee simple title upon a condition subsequent; that the possibility of reverter was unassignable, and that re-entry could be exercised only by the grantor or his heirs; also, that the funeral expenses sought to be charged against the land were incurred on the oral request of Cummins and on his personal credit, and, finally, that the claim was barred by the statute of limitations and by laches.

Appellees contend, on the other hand, that the deed created a lien or charge on the real estate conveyed, enforceable by creditors; that since this is an action to enforce a lien, the six-year statute of limitations is inapplicable, and that the case is governed by the fifteen-year rule.

Conditions in deeds are either precedent or subsequent. Conditions precedent are those which must take

place before the estate can vest or be enlarged, and if land is conveyed on a precedent condition the title will not pass until the condition is performed. Conditions subsequent are those which in terms operate on an estate conveyed and render it liable to be defeated for breach of the conditions, subject to divestiture on failure to perform the conditions. 8 R. C. L., p. 1098. A grant of land in consideration of a simple agreement for the support of the grantor, in the absence of other provisions, creates in the grantee an estate on a condition subsequent. *Richter* v. *Richter et al.* (1887), 111 Ind. 456, 12 N. E. 698; *Tomlinson* v. *Tomlinson* (1904), 162 Ind. 530, 70 N. E. 881; *Huffman, Guardian et al.* v. *Rickets* (1916), 60 Ind. App. 526, 111 N. E. 322. The possibility of reverter after a condition subsequent is unassignable. *Ralston et al.* v. *Hatfield* (1924), 81 Ind. App. 641, 143 N. E. 887. The right of re-entry cannot be exercised by any one other than the grantor or his heirs. *Higbee* v. *Rodeman* (1891), 129 Ind. 244, 28 N. E. 442. A creditor or a stranger to the deed can take no advantage of the breach of a condition subsequent. *Cross et al.* v. *Carson* (1846), 8 Blackf. 138; *Boyer et al.* v. *Tressler* (1862), 18 Ind. 260. It follows, that if the deed executed by Barbara Armold and her husband to the appellee Cummins was upon a condition subsequent, Cummins obtained a title in fee simple, subject only to the possibility of being divested by re-entry on the part of the grantor or her heirs.

Conditions subsequent, however, are not favored in law, and are construed strictly because they tend to destroy estates. *Hunt* v. *Beeson* (1862), 18 Ind. 380; *Jeffersonville, Madison and Indianapolis R. R. Co. et al.* v. *Barbour et al.* (1883), 89 Ind. 375; *Taylor et al.* v. *Campbell et al.* (1912), 50 Ind. App. 515, 98 N. E. 657.

Whether the language used in deeds creates covenants or conditions is a matter of construction, and when there is doubt upon the subject, the courts ■ are more inclined to hold that they are covenants, rather than conditions, since forfeitures are not favored. 18 C. J., p. 357.

In the instant case the instrument provided that, in addition to supporting the grantor and her husband, the grantee should "pay all of the debts now owed by ■ grantors or either of them ... all doctor bills now owing or which may hereafter be incurred ... all taxes, assessments and interest ... all funeral expenses of both of grantors and ... cause to be erected at their graves one monument for both of them to cost not to exceed Two Hundred Dollars ($200.00)." Provisions of the character quoted create convenants and not conditions subsequent. *Burgson* v. *Jacobson* (1905), 124 Wis. 295, 102 N. W. 563; *O'Neil* v. *Caples* (1913), 257 Ill. 528, 101 N. E. 50; *Koch* v. *Streuter* (1908), 232 Ill. 594, 83 N. E. 1072; *Campau et al.* v. *Chene et al.* (1850), 1 Mich. 400; *Closner et al.* v. *Chapin* (1914), (Tex. Civ. App.), 168 S. W. 370.

Another significant provision of the instrument before us is to the effect that the grantee "will run and operate said farm and use the proceeds there-■ from for the purpose above set out." A conveyance in consideration of support of the grantor from the land conveyed is held to create a lien paramount to the rights of creditors of the grantee, rather than a condition subsequent. In the case of *Loar et al.* v. *Poling et al.* (1929), 107 W. Va. 280, 285, 148 S. E. 114, 64 A. L. R. 1246, the court said: "Where an aged father, bending under the weight of years and no longer able to husband his land in proper manner, conveys the same to a son for nominal cash consideration and in further consideration that maintenance be

furnished by the grantee to his father and mother 'on the land,' it must be considered that it was the intention of the owner that the land should stand as a guaranty for the assistance that he and his aged helpmate would surely need in the evening of their lives when the long shadows fall, and that if the son should prove faithless to the trust reposed in him, the confiding parents would not find themselves outcasts when they most need shelter and protection. 'How sharper than a serpent's tooth it is to have a thankless child.' Happily, however, for the aged grantors in this case, they safeguarded the days of their decline against the ingratitude or improvidence of their son by declaring in the deed not only that maintenance should be provided, but that it should be provided 'on the land.' This deed was recorded and thereby became a proclamation to creditors and purchasers of the son Tunis that the primary liability on the land was the maintenance and support of Jonas A. Poling and his wife. Their rights were first; the rights of creditors of Tunis were second."

Considering the provisions of the deed as a whole, in the light of the rules above discussed, we conclude that we have here a convenant, rather than a condition subsequent.

In at least two Indiana cases it has been held that the doctrine of subrogation was applicable where a grantee of land accepted title under a promise of support and subsequently failed to do so, and that the one providing such necessities could establish a lien on the land for such services. The case of *Huffmond et al.* v. *Bence* (1890), 128 Ind. 131, 135, 27 N. E. 347, was one where a husband and wife conveyed land to their daughter in consideration that she would board, nurse and care for them during their natural lives. A physician who rendered medical service to the husband was held to be entitled to a judgment against the daughter and a lien

upon the land, which had, in the meantime, been conveyed by the daughter. Without deciding whether the deed to the daughter created a condition subsequent, the court said: "The same principle is applicable as in case of a surety holding an indemnity. As in case of a surety taking a mortgage indemnifying him against the payment of the debt of the principal, the surety being insolvent, the creditor may be subrogated to the rights of the surety, and foreclose the mortgage given to the surety to secure the debt."

In the case of *Henry* v. *Knight* (1919), 74 Ind. App. 562, 122 N. E. 675, a mother conveyed a farm to her son upon the sole consideration that he would support her and her two demented children in a manner suited to their condition in life on the premises and give each a suitable burial. As in the Huffmond case, above, the court did not pass upon the question of whether the provision in the deed created a convenant or a condition subsequent, but we may conclude that it was a covenant, since it is disclosed that said support was to be furnished "on said premises." The grantee sadly neglected his imbecile sister, in violation of his contract, and placed his unfortunate brother in a poor asylum, where he died. A niece took the afflicted daughter to her home and cared for her for 234 weeks. For this service she sued the grantee and asked for a lien on the land. Against the contention that the plaintiff was a stranger to the contract, the Appellate Court held that she had a valid claim, enforceable in equity through her right of subrogation.

We cannot attach any importance to appellant's contention that the facts disclosed that the expenses for the burial of Mr. and Mrs. Armold were incurred on the oral request of Cummins and on his personal credit. Under the express terms of his contract this was his obligation, and if he requested these services and had

the cost thereof charged to himself, his conduct was entirely consistent with his contract. There is no showing that the duty to take care of these necessary expenses rested on anyone other than Cummins.

Since we have held that Luckenbill and Luckenbill were entitled to have a lien on the land in controversy, it follows that the statute of limitations applicable to their cause of action is that relating to liens, rather than to accounts and contracts not in writing. The case comes within §2-603 Burns Ann. St. 1933, §62 Baldwin's Ind. St. 1934, which authorizes such suits to be brought within fifteen years.

Judgment affirmed.