EMERY C. ROBINSON AND NORMA J. ROBINSON, INDIVIDUALLY AND AS HUSBAND AND WIFE *v.* ROBERT B. RAILING, AS ADMINISTRATOR DBN OF THE ESTATE OF OTTO F. ASHMAN, DECEASED AND FRANK ASHMAN.

[No. 1-873A138. Filed November 7, 1974.]

*Harold H. McConnell, Hamilton & McConnell,* of North Vernon, *Donald R. Bonsett,* of Scottsburg, *Spencer J. Schnaitter, Schnaitter & Leininger,* of Madison, for appellants.

*Robert B. Railing,* of Scottsburg, *John M. Lewis,* of Seymour, for appellees.

HOFFMAN, C.J.—Defendants-appellants Emery C. Robinson and Norma J. Robinson, individually and as husband and wife (the Robinsons) appeal from a judgment of the trial court herein ordering them to reconvey certain real estate to the estate of Otto F. Ashman (Ashman).

The real estate here at issue consisted of a farm owned by Ashman which he conveyed to the Robinsons by warranty deed, which reads as follows:

## "WARRANTY DEED

"THIS INDENTURE WITNESSETH, That OTTO F. ASHMAN, unmarried and of legal age, of Scott County, in the State of Indiana Convey and Warrant to EMERY C. ROBINSON and NORMA J. ROBINSON, husband and wife, of Scott County, in the State of Indiana, for and in consideration of the sum of—One Dollar and other valuable considerations—the receipt whereof is hereby acknowledged, the following described REAL ESTATE in Scott County, in the State of Indiana, to-wit:

"The northeast quarter of the Southwest quarter and the North half of the Southeast quarter of the Southwest quarter, all in Section 24, Township 3 north, Range 6 east, containing 60 acres, more or less.

"As a part of the consideration for this conveyance the grantees hereby agree to care for the grantor and furnish

all food, clothing, lodging, medical and hospital care during his lifetime and furnish suitable burial at his death, PROVIDING the grantor shall pay his own medical and hospital expenses so long as he had funds from which the same may be paid.

"In Witness Whereof, the said Otto F. Ashman, unmarried has hereunto set his hand and seal, this 14th day of September, 1965.

"/s/Otto F. Ashman (SEAL)
"Otto F. Ashman"

In its conclusion of law, the trial court stated that, "the deed in question is a conveyance of the fee, subject to a condition subsequent ***."

A recital similar to that in the above deed of "partial" or "further" consideration was scrutinized by our Supreme Court in *Federal Land Bank of Louisville* v. *Luckenbill* (1938), 213 Ind. 616, 13 N.E.2d 531. Therein, the deed acknowledged that a portion of its consideration had been performed, and stated that in further consideration the grantees agreed to care for the grantors during their lifetime, pay their debts and the taxes upon the land conveyed, and pay for their medical care and all funeral expenses. In deciding whether or not the grantees under such deed took a fee simple title subject to a condition subsequent, our Supreme Court in *Luckenbill*, at 619-621 of 213 Ind., at 533 of 13 N.E.2d, stated:

> "Conditions in deeds are either precedent or subsequent. Conditions precedent are those which must take place before the estate can vest or be enlarged, and if land is conveyed on a precedent condition the title will not pass until the condition is performed. Conditions subsequent are those which in terms operate on an estate conveyed and render it liable to be defeated for breach of the conditions, subject to divestiture on failure to perform the conditions. 8 R.C.L., p. 1098. A grant of land *in consideration of a simple agreement for the support of the grantor, in the absence of other provisions,* creates in the grantee an estate on a condition subsequent. [Citing cases.] ***.

"Conditions subsequent, however, are not favored in law, and are construed strictly because they tend to destroy estates. [Citing cases.]

"Whether the language used in deeds creates covenants or conditions is a matter of construction, and when there is doubt upon the subject, the courts are more inclined to hold that they are covenants, rather than conditions, since forfeitures are not favored. 18 C.J., p. 357.

"In the instant case the instrument provided that, in addition to supporting the grantor and her husband, the grantee should 'pay all of the debts now owed by grantors or either of them . . . all doctor bills now owing or which may hereafter be incurred . . . all taxes, assessments and interest . . . all funeral expenses of both of grantors and . . . cause to be erected at their graves one monument for both of them to cost not to exceed Two Hundred Dollars ($200.00).' *Provisions of the character quoted create covenants and not conditions subsequent.* [Citing cases.]" (Emphasis supplied.)

Because the deed in the instant case contains language of very similar import, and because it in no wise expresses an intention that the title it conveyed be subject to a condition subsequent, we are constrained to hold that its recital of partial consideration created a covenant and not a condition subsequent. Furthermore, another similar provision was recently construed by this court to constitute a covenant. See: *Brunner* v. *Terman* (1971), 150 Ind. App. 139, 275 N.E.2d 553 (transfer denied).

The legal responsibility for the non-fulfillment of a covenant is that the party violating it must respond in damages. 21 C.J.S., *Covenants*, § 94, at 949; 8 I.L.E., *Covenants*, § 11, at 33. The proper measure of damages for such a breach is the actual loss occasioned by the breach. 21 C.J.S., *Covenants*, § 142, at 1009; 8 I.L.E., *Covenants*, § 14, at 45.

In light of the above determination it is apparent that the holding of the trial court in this cause must be reversed. It is our opinion, however, that certain issues surrounding the execution of the deed herein must be considered upon a new trial of this cause.

Because a trial court sits as a court of equity in cases where a grantor or his estate seeks the return of land conveyed in connection with a promise of support, it should look not only to the deed in such cases to see if the title to the land may return through the operation of a condition but also to the circumstances surrounding the transaction. Thus, the court may assure itself that he who is seeking equitable relief has himself acted in an equitable manner. Therefore, upon retrial, the trial court should endeavor to determine whether the grantor in the case at bar possessed sufficient capacity to execute the warranty deed set forth hereinabove, and whether he was subjected to any fraud or undue influence. Also, in fairness to the grantees, it should be determined if the grantor had adequate capacity to execute the deed herein and simply chose to accept less than full consideration, or intended an outright gift.

The rules under which a court of equity must make these determinations are well reasoned in *Deckard* v. *Kleindorfer* (1940), 108 Ind. App. 485, at 491-494, 29 N.E.2d 997, at 999-1000:

> "The rule is well settled in this state that if the appellant was a person of sound mind when she made the deed she had a right to convey this land to her nephew for any lawful consideration or as a gift if she so desired. *Batman* v. *Snoddy* (1892), 132 Ind. 480, 32 N.E. 327.

> "By the great weight of authority the test of the capacity to make a deed is that the grantor shall have sufficient mind and memory to comprehend the nature and extent of his act and to understand the nature of the business in which he is engaged and to exercise his own will with reference thereto. No greater degree of mental capacity is required in such a case than is required to make a will. *Johnson* v. *Lane* (1938), 369 Ill. 135, 15 N.E.(2d) 710. One is not incapacitated to make and execute a deed merely because of advanced years or by reason of physical infirmities unless such age and the infirmities resulting therefrom impair one's mental faculties until he is unable to properly,

intelligently, and fairly protect and preserve his property rights. [Citations omitted.][1]

\* \* \*

"Our courts have further announced the rule that: 'Contracts by which aged or infirm persons convey all or a substantial part of their property to others in consideration of an agreement for support, maintenance and care during their declining years, are with practical uniformity recognized by the courts as constituting a class by themselves in matters pertaining to their interpretation and enforcement. "There is in such transactions an element of confidence reposed by the old people in their grantee, sacred in its nature, a breach of which, and retention of the benefits, no court should tolerate by a refinement upon technical rules and principles of law. By the modern trend of authority these transactions are placed in a class by themselves, and enforced without reference to the form or phraseology of the writing by which they are expressed, or whether by the strict letter of the law a forfeiture of the estate is expressly provided for." ' *Huffman* v. *Rickets* (1916), 60 Ind. App. 526, 532, 111 N.E. 322; *Lowman* v. *Lowman* (1938), 105 Ind. App. 102, 113, 12 N.E. (2d) 961.

"Measured by these rules, does the evidence conclusively show that the conveyance in question was in consideration for an agreement for future support of the grantor or that it was procured by fraud or undue influence on the part of the [grantee] or that the [grantor] was without mental capacity sufficient to make a deed? On the other hand, is there evidence in the record from which the trial court might reasonably infer that an irrevocable gift of this real estate was intended? \*\*\* We recognize the rule that the trial court in cases of this character sits as a court of equity ' "and if it can discover that any acts, or stratagems, or any undue means have been used to procure such gifts; if it can see the least speck of imposition, or that the donor is in such situation in respect to the defendant as may naturally give him an undue influence over him; if, in a word, there be the least scintilla of fraud, a court of equity will interfere." ' *Sherrin* v. *Flinn* (1900), 155 Ind. 422, 427, 58 N.E. 549.

"\*\*\* [However,] [m]ere improvidence is not enough in our opinion to compel a setting aside of the conveyance.

---

1. The next paragraph of the *Deckard* decision has been intentionally omitted inasmuch as the rule there stated has been expressly overruled by our Supreme Court. See: *Colbo et al.* v. *Buyer, et al.* (1956), 235 Ind. 518, 528, 134 N.E.2d 45.

Neither is lack of consideration alone sufficient cause for setting aside a deed. *Aldrich* v. *Amiss* (1912), 178 Ind. 303, 99 N.E. 419. Neither is a combination of age, improvidence and lack of consideration sufficient grounds for relief in equity. There must also be present some wrongful act on the part of the grantee, such as fraud, or undue influence, to warrant the setting aside of such conveyance." See also: *Hunter* v. *Milhous* (1973), 159 Ind. App. 105, 305 N.E.2d 448, 459-460; *Coffey* v. *Wininger* (1973), 156 Ind. App. 233, 296 N.E.2d 154, 159 (transfer denied).

It is, of course, the desire of this court that a just and equitable decision be rendered as to the rights of the parties herein. For this reason, we have endeavored to express no opinion as to the merits of this cause.

An additional matter which requires comment is the exclusion of certain testimony during the trial under the authority of IC 1971, 34-1-14-6 (Burns Code Ed.), commonly known as the Dead Man's Statute. This statute provides, in pertinent part:

"In suits or proceedings in which an executor or administrator is a party, involving matters which occurred during the lifetime of the decedent, where a judgment or allowance may be made or rendered for or against the estate represented by such executor or administrator; any person who is a *necessary party* to the issue or record, *whose interest is adverse to such estate,* shall not be a competent witness as to such matters against such estate; \*\*\*." (Emphasis supplied.)

The evidence excluded consisted of an admission of ownership in the Robinsons attributed to Ashman by a witness who was not a party to the lawsuit and who had no demonstrated interest in its outcome. The exclusion of this testimony under the above statute was improper. *Craig* v. *Norwood* (1915), 61 Ind. App. 104, 115-116, 108 N.E. 395.

The judgment of the trial court is reversed and this cause is remanded for a new trial and for further proceedings not inconsistent with this opinion.

Reversed and remanded.

Garrard and Staton, JJ., concur.

NOTE.—Reported at 318 N.E.2d 373.