HOMEMAKERS FINANCE SERVICE, INC. *v.* MIKE L. ELLSWORTH AND
MAXINE J. ELLSWORTH

[No. 1-478A95. Filed October 3, 1978. Rehearing denied November 14, 1978.
Transfer denied March 15, 1979.]

*Richard M. Malad, William T. Rosenbaum, Dillon, Hardamon & Cohen*, of Indianapolis, for appellant.

*Arthur H. Northrup, Martz, Beattey, Hinds & Wallace*, of Indianapolis, for appellee.

ROBERTSON, J. — Plaintiff-appellant Homemakers Finance Service, Inc. (Homemakers) appeals from a judgment denying relief in an action on a note and to foreclose a certain mortgage as against the defendants-appellees Mike and Maxine Ellsworth.

In order to consolidate a number of debts and to procure monies for improvements on a tract of land, the Ellsworths executed a promissory note and mortgage in favor of Homemakers. Subsequently, Mike Ellsworth was injured and unable to continue work. He notified

Homemakers of his plight and offered to convey the secured property in satisfaction of the note. He delivered a deed to Mr. Whited at Homemakers which contained a recital that Homemakers, by accepting the deed, agreed to release the Ellsworth from all outstanding liabilities. Mr. Whited told the Ellsworths the deed would be forwarded to their attorney because he had no authority to accept the deed with the release provision. Shortly thereafter, Homemakers counsel informed the Ellsworths in writing that the deed could not be accepted as satisfaction for their outstanding indebtedness.

In the trial court, the Ellsworths' answer admitted the due execution of the note and mortgage and the priority of Homemaker's lien. The trial court entered judgment against Homemakers upon the basis that the Ellsworths had *satisfied* their obligations under the note and mortgage because of a purported conveyance of the mortgaged premises to Homemakers.

Thus, the Ellsworths prevailed on the theory of satisfaction despite the fact it was not affirmatively alleged as required by Ind. Rules of Procedure, Trial Rule 8(C). Nevertheless, a review of the record discloses that the issue was properly before the court by the failure of Homemakers to object to evidence in relation thereto. *Huffman v. Foreman* (1975), 163 Ind.App. 263, 323 N.E.2d 651; Ind. Rules of Procedure, Trial Rule 15(B).

Since the judgment was based on an affirmative defense, the Ellsworths had the burden of proof. TR. 8(C). Therefore, we are not dealing with an appeal from a negative judgment, and our scope of review will be whether the defense of satisfaction was supported by sufficient evidence of probative value. *Skendzel v. Marshall* (1972), Ind.App. 289 N.E.2d 768, *rev'd on other grounds*, 261 Ind. 226, 301 N.E.2d 641.

For the proper disposition of this case, we must clarify the distinction between a condition and a covenant in a deed. A covenant in a deed, or an express covenant, is a species of express contract which requires a party to perform or refrain from performing a particular act. *Vierk v. Ritenour* (1961), 131 Ind.App. 547, 172 N.E.2d 679. Covenants are favored by the law, and a court will construe

a recital as a covenant, rather than a condition, whenever such a construction is possible. *Brunner v. Terman* (1971), 150 Ind.App. 139, 275 N.E.2d 553. If the deed does not express an intention that the property conveyed is subject to a condition subsequent and forfeiture, we will generally hold that the language creates a covenant. *See Robinson v. Railing* (1974), 162 Ind.App. 142, 318 N.E.2d 373. Lastly, just as it is axiomatic in basic contract law, the intent of the parties will govern the resolution of whether or not a covenant was created. *Sheets v. Vandalia R. Co.* (1920), 74 Ind.App. 597, 127 N.E. 609. Therefore, a covenant will be found where (1) the parties intended to create a species of express contract, (2) the terms impose a duty on one party to do or not do a particular act, and (3) the language used does not disclose a clear intent to burden the estate with a condition subsequent.

On October 29, the Ellsworths handed a deed to Mr. Whited at Homemakers which contained the following recital:

> This deed is given and accepted in full satisfaction of any and all sums due and owing from the grantor to the grantee and constitutes a release of all security given for all such obligations, including but without being limited to a certain note dated September 10, 1975
> . . . .

Consistent with the trial court's ruling, we believe this language was intended to have the operative effect of an accord (an agreement to compose or settle) and satisfaction (the execution of such agreement). *See Karvalsky v. Becker* (1940), 217 Ind. 524, 29 N.E.2d 560. It is beyond dispute that an accord and satisfaction is an express contract. *Sunderman v. Sunderman* (1945), 116 Ind.App. 157, 63 N.E.2d 154. Therefore, since the language was intended to create an express contract, imposed a duty on Homemakers to release Ellsworths' liabilities, and no provision for forfeiture being present, we hold that the recital created a covenant.[1]

Thus, the dispositive issue is whether there was sufficient evidence of probative value to sustain the trial court's finding of satisfaction. We

---

1. This conclusion precludes the necessity of determining whether or not there was a delivery and/or acceptance of a *conditional* deed since no conditions were present. Furthermore, the vitality of a covenent is not conclusively dependent upon the validity of the conveyance of the deed. *See* 26 C.J.S. *Deeds* § 22(e) (1956).

recently declared that "a satisfaction is an *acceptance* of full compensation for an injury." *Lazarrus v. Employers Mutual Casualty Co.* (1977), 173 Ind.App. 452, 364 N.E.2d 140, 141 (emphasis added). In *Karvalsky v. Becker, supra,* the court held that although an agreement had been reached and a check tendered and received, no satisfaction occurred because "the mere receipt of a check, *without an agreement that it shall be treated as payment when received,* does not constitute payment." *Karvalsky, supra,* at 533 (emphasis added).

The trial court held that possession of the deed and keys to the mortgaged premises was sufficient to constitute acceptance of the deed and hence the accord. We cannot agree. The evidence adduced at trial established that when the deed was given to Mr. Whited, he told Ellsworths that he had no authority to accept it but would forward it to Homemakers counsel (Mr. Malad) for a decision. Mr. Malad had the land promptly appraised and informed the Ellsworths by letter on November 15 that the deed and release provisions were unacceptable due to the substantial disparity between the appraised value of the real estate and the principal obligation on the note.

We need not express an opinion on whether the *deed* was accepted. Possession of the deed and keys, however, when viewed in light of the prompt and unequivocal rejection of the covenant, was insufficient in our opinion to constitute an acceptance of the accord. Therefore, we are constrained to hold that the trial court's finding of satisfaction is erroneous, and accordingly reverse and remand for further proceedings consistent with the views stated herein.

Lybrook, P. J. and Young, J., concur.

NOTE—Reported at 380 N.E.2d 1285.