The Salem-Bedford Stone Company et al. *v.* Hobbs, Administrator.

[No. 4,001.    Filed March 18, 1902.]

Appeal.—*Effect on Judgment.*—*Action in Attachment and Garnishment.* —Since the only effect of an appeal from a judgment is to stay execution thereon, an action on the judgment in attachment and garnishment may be maintained pending an appeal therefrom to the Appellate Court.

From Lawrence Circuit Court; *Newton Crooke*, Special Judge.

Action by Joel L. Hobbs, administrator, on a judgment against the Salem-Bedford Stone Company and others pending an appeal from such judgment to the Appellate Court. From a judgment for plaintiff, defendants appeal. *Affirmed.*

*M. F. Dunn* and *H. C. Pearson*, for appellants.
*J. E. Boruff, J. R. East* and *R. H. East*, for appellee.

Comstock, C. J.—The complaint alleges that Joel L. Hobbs, administrator, recovered a judgment in the Lawrence Circuit Court against the defendant, the Salem-Bedford Stone Co., for $3,800, setting out a copy of the judgment as an exhibit, and that it is unpaid. With the complaint appellee filed an affidavit and bond in attachment, and an affidavit in garnishment against the defendants, Berry, Matthews & Buskirk Stone Co. and the Fidelity & Casualty Co. of New York. The grounds of attachment are: (1) That the defendant, the Salem-Bedford Stone Co. is a foreign corporation; (2) said company has sold, conveyed, and otherwise disposed of its property subject to execution with the fraudulent intent to hinder and defraud its creditors. The affidavit in garnishment alleges that the Perry, Matthews & Buskirk Stone Co. and the Fidelity & Casualty Co. are indebted to said Salem-Bedford Stone Co.

Appellants moved to dismiss the attachment proceedings, and to quash the writ; the motion was overruled. They then filed a plea in abatement, setting up the appeal from the judgment sued on to the Supreme Court, and the filing of a proper and sufficient appeal bond, and alleging that said appeal is still pending. To this plea a demurrer for want of facts was sustained. The cause was finally put at issue by general denial and special answers setting up the appeal from the judgment sued on and the filing of an appeal bond. The case was dismissed as to the Fidelity and Casualty Co.

The court made a special finding of facts, stated conclusions of law, and rendered judgment against The Salem-Bedford Stone Co. and the Perry, Matthews & Buskirk Stone Co., and judgment in the attachment proceedings in favor of appellee. The facts specially found show that appellee, on the 6th day of September, 1899, recovered a judgment against the Salem-Bedford Stone Co. for $3,-812.08, for negligently killing James Hobbs, and that it was due and unpaid; that the Salem-Bedford Stone Co., on the 21st day of August, 1899, sold and conveyed to the appellant Perry, Matthews & Buskirk Stone Co. all its real and personal property in Lawrence county, Indiana, for the sum of $35,000, and that $11,666.66 was paid therefor in cash, and notes of equal amounts, due in six and twelve months from the date, were executed and secured by a mortgage to said Salem-Bedford Stone Co., and that there is a balance owing at the time of the trial from the Perry, Matthews & Buskirk Stone Co. to its co-appellant of $11,666.66 with interest, due August 21, 1900, negotiable and payable to the American Trust and Savings Bank at Chicago, Illinois; that the appellant, Perry, Matthews & Buskirk Stone Co. paid to the Salem-Bedford Stone Co. the first note due with interest thereon, amounting to the sum of $12,000.48, after the bringing of this suit; the appellee filed with his complaint affidavits in attachment and garnishment; that the

sheriff returned the writ of attachment finding no property in his bailiwick to attach, and that the appellant Salem-Bedford Stone Co., on the 21st day of August, 1899, disposed of all its property subject to execution within Lawrence county, Indiana, to appellant Perry, Matthews & Buskirk Stone Co.; that at the time of the filing of this suit the Salem-Bedford Stone Co. was not a resident of the State of Indiana, but was a resident of the state of Kentucky, and has so continued to be; that the summons of garnishment was issued for Perry, Matthews & Buskirk Stone Co. and the Fidelity & Casualty Co. of New York, requiring them to answer as garnishees, which summons was served on the day of its issue on the appellants. No claim is made that the special findings are not sustained by the evidence. Counsel for appellant contend that the court erred in sustaining the demurrer to the plea in abatement, for the reason that the statute, §654 Burns 1901, provides that upon the filing of the appeal bond, execution and all other proceedings on the judgment. in the court below shall be stayed; that under the above statute, after the filing of the appeal bond, upon the showing made, the action should have abated. It has, however, been held in this State that "the only effect of an appeal to a court of error, when perfected, is to stay execution upon the judgment from which it is taken. In all other respects the judgment until annulled or reversed stands binding upon the parties as to every question directly decided." *Nill* v. *Comparet*, 16 Ind. 107, 79 Am. Dec. 411; *Burton* v. *Reeds*, 20 Ind. 87; *Burton* v. *Burton*, 28 Ind. 342; *Randles* v. *Randles*, 67 Ind. 434; *State ex rel.* v. *Krug*, 94 Ind. 366.

The questions raised by the special answers have been disposed of by this court in *Salem-Bedford Stone Co.* v. *Hobbs*, 27 Ind. App. 604. They are therefore no longer in controversy and are not further to be considered. Elliott's App. Proc. §148; *Chicago Horseshoe Co.* v. *Lewis*, 156 Ind. 232; *State ex rel.* v. *Board, etc.*, 153 Ind. 302; *Manlove* v. *State*, 153 Ind. 80; *Rowe* v. *Bateman*, 153 Ind. 633.

Appellee's decedent was killed in 1892. This is the fifth appeal of the action growing out of his death. In the said appeal in *Salem-Bedford Stone Co.* v. *Hobbs*, 27 Ind. App. 604, this court in affirming the judgment upon which the cause before us was brought, directed the lower court to modify its judgment by a reduction of an inconsiderable amount, being on account of an error in interest. The merits of the original action have thus been passed upon. It is claimed with earnestness that some of the questions discussed by counsel for appellant have not been properly reserved; but the special findings show that the merits of the controversy have been fairly tried, and a correct conclusion reached. And, even if there be some errors in the rulings upon the pleadings, it seems proper, in the light of the record, to disregard them. The amount of recovery is limited to $3,500 with 6 per cent. interest from March 9, 1898.

Judgment affirmed.