MONROE, GUARDIAN, *v.* SHRIVERS ET AL.

■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■

(Decided December 27, 1927.)

■■■■■■■■■■■■■■■■■■■

*Mr. Charles H. Fouts,* for plaintiff.
*Mr. John Q. Lyne,* and *Mr. M. E. Danford,* for defendant Shrivers.

Houck, J. This is a suit in equity, and comes into this court on appeal from the common pleas court of Morgan county.

While John T. Barr was a defendant in this cause in the common pleas court, he filed no answer and made no claim for any relief. Therefore no reference in this opinion will be made to him, and no finding or judgment will be entered for him or against him in this court, and the judgment entered by this court shall affect only the party plaintiff, Raymond Monroe, and his ward, Elizabeth Barr, and the defendant herein, Errville Shrivers. The issues here raised are predicated upon the petition of the plaintiff, the answer of the defendant Shrivers, and the reply.

Elizabeth Barr leased and deeded to the defendant Errville Shrivers her undivided one-half in about 323 acres of land situated in Morgan county, Ohio. These instruments were executed on the 31st day of August, 1925. Shortly thereafter the defendant Shrivers took possession of said real estate under and by virtue of the terms of the lease, and ever since has been, and now is, in possession of the premises. The deed was placed in escrow and was not

to be delivered until after the death of both of the grantors therein, to wit, Elizabeth Barr and John T. Barr.

The issues raised by the pleadings present the following question for solution by this court:

Was Elizabeth Barr, at the time of the execution and delivery of the lease and deed now in suit, of sufficient mental capacity to make and execute them; was she unduly influenced into doing so by the defendant Shrivers; and was there a consideration for the lease and deed, or either of them?

The facts are before us in the form of a transcript of the oral testimony taken in the lower court, which consists of more than 300 pages of closely typewritten matter, and it required a careful reading of all the evidence in order to properly and intelligently pass upon the questions of fact to be determined in order to reach a proper conclusion in the case.

We are not unmindful of the fact that the question of mentality or lack of mentality in any particular individual is one of difficulty and not easily solved.

The evidence before us on some of the material points is a little conflicting; yet we are satisfied that it is of such character and nature as to convince a court of equity that the plaintiff's ward is entitled to the relief prayed for in the petition. Elizabeth Barr at the time of the execution of the lease and deed in this lawsuit was about 81 years of age; yet one is not incapacitated to make and execute a lease or deed merely because of advanced years, or by reason of physical infirmities, unless such age, and the infirmities resulting therefrom, impair one's mental faculties until he is unable to properly, intelligently, and fairly protect and preserve his property rights.

It may be further stated that the same rules as to mental capacity that apply to wills apply also to deeds and other written instruments, and, where the grantor has sufficient intellect to understand in a general way the nature and effect and immediate consequences of a transaction, and consents to it, such is valid and binding and cannot be set aside for lack of mentality.

A deed will be declared null and void where the evidence discloses that the grantor lacked mental capacity to transact business or make the deed. *Leugers* v. *Leugers,* 20 Ohio App., 293, 152 N. E., 201.

As a rule as to mental capacity to make a lease, deed, or other written instrument, it may be stated in a general way that senility, eccentricity, or even partial impairment of the mental faculties, is not necessarily sufficient to incapacitate the grantor if he has sufficient mental capacity to comprehend the nature of the transaction and to protect his own interest.

It is apparent to us that, under the rule just stated, when applied to the facts before us, Elizabeth Barr did not possess that mentality to such degree as to be able to comprehend the nature of the transaction involved in this case and to protect her own interest. While average mental capacity might not be necessary on the part of Elizabeth Barr in the present case, yet we cannot escape the fact that Elizabeth Barr, under the evidence, circumstances, and all of the surroundings as pictured by the facts and history of the case, did not possess that degree of mentality which qualified her to execute the instruments now in litigation, and that she was unduly influenced is clearly evident.

As to the deed, there is a clear absence of proof of any consideration passing between Elizabeth Barr and Errville Shrivers that would, in law, constitute a legal or valuable consideration.

We are not inclined to discuss the facts and law in this case at greater length, except to say that, in view of the whole record, we find the equities, as well as the law, in favor of Elizabeth Barr and against Errville Shrivers, and that plaintiff's ward did not have mental capacity to transact business or make the lease and deed here involved. We further find that she was unduly influenced by Errville Shrivers into signing said instruments, and that the deed was executed without consideration.

Therefore, the prayer of the petition as against Errville Shrivers should be granted.

*Judgment and decree accordingly.*

SHIELDS and LEMERT, JJ., concur.