## DECKARD *v.* KLEINDORFER ET UX.

[No. 16,357. Filed December 3, 1940.]

*Forrest P. Jones* and *Floyd F. Cook,* both of Bloomington, for appellant.

*Regester & Regester,* of Bloomington, for appellees.

STEVENSON, J.—This action was brought by the appellant against the appellees to set aside a deed of conveyance and to quiet title to certain land formerly owned by the appellant and by her conveyed to the

appellees. The complaint was in three paragraphs, to each paragraph of which the appellees filed an answer in general denial. The first paragraph of the complaint alleged that on the 16th day of July, 1934, the appellant was the owner in fee simple of 40 acres of real estate in Monroe County, Indiana, on which the plaintiff (appellant) had resided for many years. The complaint further alleged that the appellant at that time was a widow 78 years of age, feeble in mind and body, and easily susceptible to the influence and persuasion of others. It further alleged that the appellee George B. Kleindorfer was the nephew of the appellant whom she had reared in her own home from his early childhood and for whom she entertained a mother's love and affection. The complaint further alleged that the appellees, George B. Kleindorfer and Lucy M. Kleindorfer, his wife, persuaded and induced the appellant to deed to them her home consisting of the 40 acres above described and promised that in return therefor they would keep and support the appellant and maintain her in her home so long as she might live. The appellant avers that she relied upon said promises and was persuaded to and did convey said real estate to the appellees without receiving any consideration therefor and that subsequent to said conveyance, the appellees have wholly failed and refused to support her or contribute to her support in any manner, that they have forced her to leave and vacate her home, and by reason of such conduct, the consideration for said conveyance has wholly failed. The appellant asks that said conveyance be set aside and that possession of said real estate be restored to her.

The second paragraph of complaint contains substantially the same averments but alleges in addition that said real estate was of the value of $3,000.00, and

that such conveyance left her entirely destitute and with no other property or source of income. This paragraph of complaint alleges that such a conveyance was improvident and wholly without consideration and left the appellant without any property or means of support.

The third paragraph of complaint proceeded upon the theory of constructive fraud.

The case was tried by the court without a jury and, after hearing the evidence, the court found for the appellees and against the appellant and rendered judgment accordingly. A motion for new trial was filed and overruled, and this appeal has been perfected. The only error assigned in this court is the alleged error in overruling the appellant's motion for new trial. Under this assignment the appellant charges that the decision of the court is not sustained by sufficient evidence and is contrary to law. In support of this assignment the appellant contends the law to be that when a weak, aged, or infirm person improvidently conveys her property without receiving any valuable consideration therefor, thereby depriving herself of all means of support, equity will require the reconveyance or restoration of such property upon demand of the grantor, where the parties may be placed in *status quo*. Appellant further contends that the uncontroverted evidence brings this case squarely within this rule of law.

In the light of these contentions, we are asked and find it necessary to review the evidence presented in this cause. The facts disclose that the appellant for many years prior to the execution of the deed in question had been a widow living on the 40 acres described in the complaint which is situated about four miles east of Bloomington, Indiana. The appellant had no children, but for many years after her husband's death, her brother, the father of George B. Kleindorfer, and

his children lived in the home of the appellant. After her brother remarried and moved away, the appellee, George B. Kleindorfer remained with the appellant who provided him with a home and sent him to school. After finishing school, the appellee began teaching school in Virginia and from that time on, he was away from appellant's home most of the time. In September, 1929, the appellant executed a deed to the appellee for the real estate involved, which deed contained the following provision: "The grantor herein reserves unto herself a life estate in said real estate for and during her natural life. As a consideration of this deed, the grantee herein agrees that he will pay all taxes on said premises and that he will furnish the grantor with such food, clothing, and medical attention as is necessary for her care, support, and comfort during her natural life." This deed was delivered to the appellee but the appellant continued in possession of the premises.

Some controversy arose after the execution of this deed and on the 17th day of August, 1933, the appellee re-conveyed by quitclaim deed to the appellant the real estate described, which deed contained this provision: "The consideration for this conveyance is the release of the grantors by the grantee of any and all obligations to her." After this deed was executed and delivered there were letters written by the appellant to the appellees urging that they come to visit her and, in July, 1934, the appellees visited the appellant in her home. It was during this visit that the appellant and appellee went to the office of an attorney in Bloomington who prepared the deed for them. There is some conflict in the evidence as to what was said between the parties on this occasion. The appellant testified that the appellee asked her to execute a deed to him for the premises. That he suggested that they all go to Bloomington and

have a deed made which he described as a "condition deed." The appellee testified that the appellant told him that she wanted to deed him the place because she feared that some one would get it who did not deserve it. Nothing was said as to any conditions for support or maintenance except that the grantee was to pay the taxes. The attorney who prepared the deed testified that the appellee and appellant came to his office together and asked that the deed be prepared. The attorney read the deed to Mrs. Deckard and asked her if she understood the same, to which she replied in the affirmative. She was then asked if she understood that the deed would completely divest her of all the title to the estate, and that when the deed was executed she would have no further interest therein, to which she answered that that was the way she wanted it. "I want George to have it all," she said. The attorney stated that so far as he was able to observe, the appellant was in possession of all her faculties and knew and understood the nature of the transaction.

The record further discloses that after the execution and delivery of this deed, the appellant continued to reside on said premises and received the rents and profits therefrom. The appellees remained in the State of Wisconsin until about May, 1937, at which time the appellees moved to the home of the appellant and continued to reside there until July, 1937. On or about July 6, 1937, the appellant left the home because of mistreatment which she charges that she received at the hands of the appellees. The appellees deny this charge. Shortly after this date the action at bar was instituted. The evidence is undisputed that following the execution of the deed in question the appellant was left without any property or means of support. After

she left the home on July 6, 1937, she was dependent upon charity for her maintenance.

The question therefore presented for our consideration is whether or not the facts stated are sufficient to support the decision of the court in refusing to set aside the conveyance.

The rule is well settled in this state that if the appellant was a person of sound mind when she made the deed she had a right to convey this land to her nephew for any lawful consideration or as a gift if she so desired. *Batman* v. *Snoddy* (1892), 132 Ind. 480, 32 N. E. 327.

By the great weight of authority the test of the capacity to make a deed is that the grantor shall have sufficient mind and memory to comprehend the nature and extent of his act and to understand the nature of the business in which he is engaged and to exercise his own will with reference thereto. No greater degree of mental capacity is required in such a case than is required to make a will. *Johnson* v. *Lane* (1938), 369 Ill. 135, 15 N. E. (2d) 710. One is not incapacitated to make and execute a deed merely because of advanced years or by reason of physical infirmities unless such age and the infirmities resulting therefrom impair one's mental faculties until he is unable to properly, intelligently, and fairly protect and preserve his property rights. *Monroe* v. *Shrivers* (1927), 29 Ohio A. 109, 162 N. E. 780; *McGregor* v. *Keun* (1928), 330 Ill. 106, 161 N. E. 99; *Meyer* v. *Russell* (1927), 55 N. D. 546, 214 N. W. 857; *Revlett* v. *Revlett* (1938), 274 Ky. 176, 118 S. W. (2d) 150; *Bushman* v. *Bushman* (1925), 311 Mo. 551, 279 S. W. 122.

It is further the rule that " 'the party taking a benefit under a voluntary settlement or gift, containing no

power of revocation, has thrown upon him the burden of proving that there was a distinct intention on the part of the donor to make the gift irrevocable and, where the circumstances are such that the donor ought to be advised to retain a power of revocation, it is the duty of the solicitor to insist upon the insertion of such power, and the want of it will in general be fatal to the deed.' " *Ewing* v. *Wilson* (1892), 132 Ind. 223, 234, 31 N. E. 64.

Our courts have further announced the rule that: "Contracts by which aged or infirm persons convey all or a substantial part of their property to others in consideration of an agreement for support, maintenance and care during their declining years, are with practical uniformity recognized by the courts as constituting a class by themselves in matters pertaining to their interpretation and enforcement. 'There is in such transactions an element of confidence reposed by the old people in their grantee, sacred in its nature, a breach of which, and retention of the benefits, no court should tolerate by a refinement upon technical rules and principles of law. By the modern trend of authority these transactions are placed in a class by themselves, and enforced without reference to the form or phraseology of the writing by which they are expressed, or whether by the strict letter of the law a forfeiture of the estate is expressly provided for.' " *Huffman* v. *Rickets* (1916), 60 Ind. App. 526, 532, 111 N. E. 322; *Lowman* v. *Lowman* (1938), 105 Ind. App. 102, 113, 12 N. E. (2d) 961.

Measured by these rules, does the evidence conclusively show that the conveyance in question was in consideration for an agreement for future support of the grantor or that it was procured by fraud or undue influence on the part of the

appellee or that the appellant was without mental
capacity sufficient to make a deed? On the other hand,
is there evidence in the record. from which the trial
court might reasonably infer that an irrevocable gift
of this real estate was intended? If the evidence was
sufficient upon which the trial court could draw the
latter inference, then the•judgment of the trial court
must be affirmed. The rule has long been settled that
this court. on appeal cannot weigh conflicting evidence
or set up its judgment against the judgment of the trial
court on controverted facts. We recognize the rule
that the trial court in cases of this character sits as
a court of equity " 'and if it can discover that any acts,
or stratagems, or any undue means have been used to
procure such gifts; if it can see the least speck of im-
position, or that the donor is in such situation in
respect to the defendant as may naturally give him an
undue influence over him; if, in a word, there be the
least scintilla of fraud, a court of equity will interfere.' "
*Sherrin* v. *Flinn* (1900), 155 Ind. 422, 427, 58 N. E. 549.

After a complete review of the record, we are unable
to say that the evidence offered is of such conclusive
character that this court can say as a matter of
law that the appellant was without mental
capacity sufficient to make this conveyance or
that she was unduly influenced or fraudulently induced
to execute the deed in question. Mere improvidence is
not enough in our opinion to compel a setting aside of
the conveyance. Neither is lack of consideration alone
sufficient cause for setting aside a deed. *Aldrich* v.
*Amiss* (1912), 178 Ind. 303, 99 N. E. 419. Neither is
a combination of age, improvidence and lack of con-
sideration sufficient grounds for relief in equity. There
must also be present some wrongful act on the part of

the grantee, such as fraud, or undue influence, to warrant the setting aside of such conveyance.

As heretofore stated, the appellant, if fully advised and in possesion of all her faculties, had the right to convey the real estate in question to the appellees as a gift, if she desired so to do. The court found in effect that this had been done and refused to set aside the conveyance. There was evidence which warranted the court in so concluding.

However unwise this act may have been and however much we may regret the unhappy consequences to the appellant that have flowed from such transaction, we cannot say that the trial court was in error in upholding the conveyance.

Finding no reversible error, the judgment of the trial court is affirmed.

NOTE.—Reported in 29 N. E. (2d) 997.