## KEPLINGER v. WARD ET AL.

[No. 17,436. Opinion Suspending Appeal Filed January 11, 1946. Opinion on Merits. Filed March 28, 1946.]

518

*Allen & Allen,* of South Bend, for appellant.

*Lewis W. Hammond,* of South Bend, for appellees.

## OPINION SUSPENDING APPEAL

FLANAGAN, C. J.—The only assignment of error not waived by appellant is, "The court erred in overruling appellant's amended motion for a new trial."

But the amended motion for a new trial was not filed until 56 days after the finding and judgment of the trial court. Having been filed too late it was a nullity. It did not take out the original motion and the court's ruling on it presents no question for consideration. *Berning* v. *Scheuman* (1942), 111 Ind. App. 156, 40 N. E. (2d) 1005.

An examination of the transcript discloses that the original motion for a new trial was filed in time but that the trial court has not ruled on it. Both appellant and appellees have briefed the questions which would be presented by the overruling of said motion. Therefore, if the trial court so rules no further briefing here is necessary. But if the trial

court sustains the motion this appeal should be dismissed.

It is therefore ordered that consideration of this appeal be suspended until disposition is made of the original motion for a new trial in the trial court, and the clerk of that court is ordered to certify here any such proceedings.

NOTE.—Reported in 64 N. E. (2d) 307.

## OPINION ON MERITS

FLANAGAN, C. J.—This action was brought by appellant to set aside certain deeds made by one Albert H. Ward on the grounds of undue influence and unsoundness of mind. The trial court sustained a motion for judgment for appellees at the close of appellant's evidence and the correctness of this ruling is the sole question presented on appeal.

We have examined the record with care and we are unable to discover any evidence of either undue influence or unsoundness of mind.

The test of the capacity to make a deed is that the grantor shall have sufficient mind and memory to comprehend the nature and extent of his act and to understand the nature of the business in which he is engaged, and to exercise his own will with reference thereto. *Deckard* v. *Kleindorfer* (1940), 108 Ind. App. 485, 29 N. E. (2d) 997.

There is no evidence of such incapacity. Several lay witnesses testified that in their opinion the grantor herein was of unsound mind. But the opinion of non-expert witnesses that a person is of unsound mind can have no greater weight than the facts upon which such opinion is based. *Daugherty* v. *Daugherty* (1945), 115 Ind. App. 253, 57 N. E. (2d) 599.

In the instant case these opinions were based upon

such unsubstantial facts as that the grantor talked loudly and cursed about politics, money matters and his family, that he was unkempt and dirty, that he said upon occasions that he had become lost, and that he occasionally rambled in his conversations from one subject to another.

The grantor was 83 years of age, had dropsy and was suffering from some of the infirmities of old age. But a person is not incapacitated to make and execute a deed merely because of advanced years or by reason of physical infirmities unless such age and the infirmities resulting therefrom impair such person's mental faculties until he is unable to properly, intelligently and fairly protect and preserve his property rights. *Deckard* v. *Kleindorfer, supra.*

We think the action of the trial court was entirely justified by the evidence.

Judgment affirmed.

NOTE.—Reported in 65 N. E. (2d) 644.