BAKER ET AL. *v.* MCCAGUE ET AL.

[No. 17,599. Filed October 16, 1947. Rehearing denied November 17, 1947. Transfer denied January 8, 1948.]

*Nathan C. Nelson,* of Decatur, and *Parrish & Parrish,* of Ft. Wayne, attorneys for appellants.

*Gordon, Edris & Thompson,* of Bluffton, and *Paul Jasper,* of Ft. Wayne, attorneys for appellees.

ROYSE, J.—Appellants brought this action against appellees to set aside a certain deed of Nancy B. Baker conveying real estate in Wells County to the appellees Lola B. McCague and Francis McCague Hart. All of the parties to this action were the children of said Nancy B. Baker excepting the appellants Charles E. Baker, Mildred Beltz and appellee Hart, who are her grandchildren. Appellee Elzey refused to join in appellants' action and was joined as a party defendant to answer as to her interest in the real estate. The complaint alleged that at the time the deed was executed Nancy B. Baker was a person of unsound mind and it was procured by fraud and undue influence exerted on her by the appellees McCague and Hart. Trial to the court which, upon proper request, made its special finding of facts and stated its conclusions of law thereon.

The facts found by the court are substantially as follows: That on the 3rd day of August, 1939, Nancy B. Baker was the owner of the real estate here involved. On said day she conveyed this real estate to appellees McCague and Hart subject to a mortgage of $1,200 and retaining to herself all rents, profits and income during her life; that at the time of the conveyance Nancy B. Baker was of sound mind and capable of making a valid disposition of said property; and at said time she was free from any coercion or undue influence; that said deed was her own free and voluntary act.

Upon these facts the court stated its conclusion of law as follows:

"1. That the law is with the defendants; the defendants Lola B. McCague and Francis McCague Hart by the execution to them by the said Nancy B. Baker

of the deed described in finding number 2 hereof acquired a good and sufficient indefeasible fee simple title to the real estate described in said deed.

"2. That said deed of conveyance described in finding number 2 hereof is valid and of full force and effect.

"3. That the defendants are entitled to recover their costs made, laid out and expended herein."

Thereupon the trial court rendered judgment in favor of appellees. Appellants' motion for a new trial was overruled. The errors assigned here are that the trial court erred in each of its conclusions of law and in overruling appellants' motion for a new trial.

It is first contended the statement in Conclusion of Law No. 1 that "the defendants Lola B. McCague and Francis McCague Hart by the execution to them by the said Nancy B. Baker of the deed described in finding number 2 hereof, acquired a good and sufficient indefeasible fee simple title to the real estate described in said deed," is not a conclusion of law and must be disregarded. In support of this contention appellants assert that in the case of *Daugherty* v. *Daugherty* (1944), 115 Ind. App. 253, 57 N. E. 2d 599, in such actions as this we indicated "the only proper *conclusions of law* are that the grantor was either of sound or unsound mind and that the deed either was or was not procured by the exercise of undue influence on the grantor." (Our emphasis.) We do not believe our opinion in that case is subject to such construction. We there stated the ultimate *fact* necessary to be found was whether the grantor was of such unsound mind that he was unable to comprehend in a reasonable manner the act in which he was engaged. Likewise, the ultimate fact to be found on the question of fraud and undue influence is whether at the time the deed was executed

the grantor was or was not acting with her own will and volition.

In the instant case the trial court's special finding of facts leads inescapably to the conclusion the deed was valid. The first phrase of Conclusion No. 1 "That ■ the law is with the defendants," is sufficient to sustain a valid judgment, therefore, we need not consider objections to the other conclusions of law. *Atlas Securities Co.* v. *Ferrell* (1929), 88 Ind. App. 543, 164 N. E. 709; *Klinger* v. *Ottinger* (1939), 216 Ind. 9, 22 N. E. 2d 805; *Department of Financial Institutions* v. *Neumann* (1940), 217 Ind. 85, 26 N. E. 2d 388.

The specifications of the motion for a new trial are that the decision or finding of the court is contrary to law.

Appellants contend the evidence entitled them to relief which was denied. In considering this question we of course can consider only the record before us. In their brief appellants say: "Appellants admit that the evidence of witnesses who expressed opinions as to the soundness or unsoundness of grantor's mind is about evenly divided and that this court will consider only that evidence which is most favorable to appellees. Notwithstanding, appellants suggest that the best and most conclusive evidence on the question of grantor's soundness of mind, in this type of case particularly, is the deed itself and that the trial court cannot completely disregard this evidence. The deed itself, wherein an estate by entireties is attempted to be created between a mother and daughter, is conclusive that the grantor did not possess sufficient mind to understand or comprehend the nature and effect of the act of making a deed."

In our examination of the record we find no substantial evidence which would indicate that Nancy B. Baker

was of such unsound mind that at the time she made the conveyance here questioned she was unable to comprehend the act in which she was engaged. *Daugherty* v. *Daugherty, supra; Keplinger* v. *Ward* (1946), 116 Ind. App. 517, 65 N. E. 2d 644. We cannot agree with appellants that because the deed attempted to create a tenancy by entireties it is conclusive that the grantor was of such unsound mind that she did not understand the act in which she was engaged. Such a rule would be a harsh one and is in direct conflict with our statute, § 56-111, Burns' 1943 Replacement.

Appellants finally assert there was sufficient evidence of undue influence to entitle them to the relief they sought. We may examine the evidence only to determine if it leads inescapably to an opposite conclusion than that of the trial court.

The record discloses, in August, 1939, Nancy B. Baker was a widow, 82 years of age. For two or three years prior thereto she made her home with her daughter, appellee Lola McCague, in Fort Wayne, Indiana. She was suffering from the infirmities of age. Her eyesight and hearing were somewhat impaired. She spent most of her time in her room on the second floor. Her meals were brought to her. Her daughter employed help to care for her. On occasions she was assisted or carried downstairs and taken for a ride in the family automobile. The appellants visited her only on rare occasions. She complained to one of the servants because her children visited her so infrequently. In the summer of 1939 she asked the husband of her granddaughter (the daughter of appellee Elzey), who lived in Fort Wayne, if he could recommend a good lawyer. He told her he had employed Mr. Paul Jasper and could recommend him. Subsequently she had a servant girl call Mr.

Jasper and ask him to come to see Mrs. Baker. In response to this call Mr. Jasper conferred alone with Mrs. Baker on two or three occasions. On or about the 3rd of August, 1939, in the presence of the appellees, he prepared the questioned deed which was recorded shortly thereafter in the office of the Recorder of Adams County. Appellants knew the deed had been made and recorded. Nancy Baker died in January, 1944. Appellants, in May, 1944, notified appellees of their disaffirmance of the deed.

In this case the burden was on the appellants to establish that the deed in question was procured through the fraud and undue influence of appellees. There is no presumption of fraud or undue influence in a conveyance from a parent to a child merely because of such relationship. *Teegarden* v. *Lewis, Administrator* (1895), 145 Ind. 98, 40 N. E. 1047, 44 N. E. 9; *Westphal* v. *Heckman* (1916), 185 Ind. 88, 113 N. E. 299.

It is true that undue influence is generally established by circumstantial evidence. However, where, as here, the trial court has determined it was not exercised in the procurement of the deed, this court cannot disturb such finding unless all of the circumstances were so strong that reasonable men could reach only the opposite conclusion. The mere fact that appellee had an opportunity to exert such undue influence is not sufficient to justify us in disturbing the trial court's finding.

Judgment affirmed.

NOTE.—Reported in 75 N. E. 2d 61.