BOWDEN *v*. ELSTON BANK, ETC., ET AL.

[No. 17,656. Filed October 24, 1947.]

*Arthur McGaughey*, of Crawfordsville, for appellants.

*William J. Sprow*, of Crawfordsville, for appellees.

FLANAGAN, J.—On July 6, 1945, Anna L. Hart executed a deed conveying all her property of the value of about $6000 to the Elston Bank and Trust Company of Crawfordsville, Indiana, as trustee. By the terms of the deed the trustee was directed to manage the property during the life of the grantor and pay from the income, or principal if required, the necessary support of the grantor. Upon her death the trustee was directed to pay all debts and liabilities of the grantor including the expenses of her last illness and funeral, and to transfer the remainder to appellee Myrtle Johnson. Anna L. Hart died on August 10, 1945.

This action was brought by the heirs of Anna L. Hart to set aside the trust deed because of unsoundness of mind, undue influence and fraud. Judgment was against them. One question is presented by this appeal. Was the evidence of such a character that the trial court could not legally find that the deed was duly executed?

The evidence in this case occupies nearly three hundred pages of the transcript. It would be neither prac-

tical nor serve any good purpose to attempt to detail it here.

There is opinion evidence that the decedent was of unsound mind at the time the deed was executed and there is opinion evidence that she was of sound mind at that time. There is evidence that she was about 70 years old and confined to her bed by illness. But there is also evidence that at the time of making the deed she was fully aware of what she was doing, knew her property, knew her heirs and why she did not want them to have it, and knew whom she did want to have it and why. Under such state of the evidence the court was justified in finding that she was of sound mind.

Appellants point out that the decedent had only known Myrtle Johnson for 33 days before the deed was executed, that she was during that 33 days living in the home of Mrs. Johnson, bedridden and being cared for by Mrs. Johnson, and that a few days prior to the execution of the deed she had executed a power of attorney to Mrs. Johnson. Appellants say these facts disclose a relationship of trust and confidence in which Mrs. Johnson occupied the superior relationship, and in view of that relationship and the fact that no consideration moved from Mrs. Johnson for the deed, a presumption of undue influence and fraud arises and the burden was upon her to overcome that presumption.

If such was the burden cast upon appellee Johnson there is ample evidence to justify the court in finding that she met that burden.

There is evidence that an attempt by a third party had been made to appoint a guardian for the decedent; that she thereupon called to her bedside her personal

attorney of some years, one who had served as her attorney long before she had known appellee Johnson; that the discussion concerned resisting the appointment of a guardian for her; that her attorney suggested that it would be difficult for her to resist the action because she was confined to bed and that it might be wise to execute a trust deed to a bank so that her property could be managed, and that in the same deed she could provide who should receive what was left upon her death; that she told her attorney she wanted Mrs. Johnson to have what was left because Mrs. Johnson was a poor woman and had been kind to her. There is further evidence to the effect that the attorney prepared the trust deed and returned with the clerk-treasurer of the city of Crawfordsville who had been a witness to her will about two years previously; that Mrs. Johnson was not in the room; that the deed was fully explained to the decedent; that she was asked again concerning her property and she stated what she owned; that it was suggested to her that perhaps she had some relative she would like to remember; that she explained that her only heirs were nieces and nephews; that there had been differences over her mother's estate; that her nieces and nephews would not come to see her or take care of her and she did not want them to have any of her property; that her property was not very much and she wanted Mrs. Johnson to have it because Mrs. Johnson had been good to her. Only then was the deed signed. There is also evidence that the power of attorney was given to Mrs. Johnson so that Mrs. Johnson could collect rents for the decedent.

A person is not incapacitated to make and execute a deed merely because of advanced years or by reasons

of purely physical infirmities. *Daugherty v. Daugherty* (1945), 115 Ind. App. 253, 57 N. E. (2d) 599; *Keplinger v. Ward* (1946), 116 Ind. App. 517, 64 N. E. (2d) 307, 65 N. E. (2d) 644; *Baker v. McCague* (1948), 118 Ind. App. —, 75 N. E. (2d) 61.

The decision of the trial court was justified by the evidence. Judgment affirmed.

NOTE.—Reported in 75 N. E. (2d) 170.