## DAUGHERTY ET AL. *v.* DAUGHERTY ET AL.

[No. 17,589.  Filed November 17, 1947.  Rehearing denied December 19, 1947.
Transfer denied March 17, 1948.]

*C. W. H. Bangs and U. S. Lesh,* both of Huntington, attorneys for appellants.

*Kenner, Carlson & Gordon, and Hubert B. Spencer,* all of Huntington, attorneys for appellees.

ROYSE, J.—Appellants brought this action to set aside a deed to an 80-acre farm from Thomas B. Daugherty to the appellees Leroy and Thelma R. Daugherty. This is the second appeal in this case. In the first appeal, *Daugherty* v. *Daugherty* (1944), 115 Ind. App. 253, 57 N. E. 2d 599, we reversed the judgment of the trial court setting aside the questioned deed on the grounds the evidence was not sufficient to sustain the finding of the trial court that the deed was executed under such circumstances as subjected it to avoidance. The pleadings, with the exception hereinafter noted, were set out in our opinion on the former appeal. After the cause was remanded for new trial the venue was changed from the Huntington Circuit Court to the Whitley Circuit Court. In that court the appellees herein dismissed their cross-complaint. Appellants herein filed their written motion and request for trial by jury as to the issues tendered by their fourth paragraph of complaint. The trial court granted said motion and directed that such issues be tried subsequent to and after the issues presented by the first, second and third paragraphs had been tried and finally determined. Appellants then filed a supplemental motion asking that trial by jury be granted, also for the first three paragraphs of the complaint. This motion was overruled.

Upon proper request, the trial court made a special finding of facts and stated its conclusions of law thereon as follows:

"1. The law is with the defendants and that the plaintiffs herein take nothing by their amended complaint.

"2. That on June 28, 1941, on the date of the execution of the deed and contract described in Finding Number 14 that Thomas B. Daugherty, grantor in said deed, and who joined in said contract with defendants herein, was a person of sound mind, and said deed and contract were not executed by said Thomas B. Daugherty while under any undue influence, nor were they procured through fraud."

The errors assigned here are, that the trial court erred in each of its conclusions of law; error in overruling motion for a venire de novo; error in overruling motion for new trial; and error in overruling supplemental motion and request for trial by jury of Paragraphs 1, 2 and 3.

Appellants assert the facts found, as stated in the special findings herein, are such as to place on appellee the burden to show they exerted no undue influence in procuring the conveyance and that the absence of a finding freeing them of such undue influence and fraud amounts to a finding against them. They further state, because there was no finding that the deed was duly executed, it is equivalent to a finding against them. Therefore, they assert the trial court erred in its Conclusion of Law No. 1.

Appellants as plaintiffs in this action had the burden of proving the issues presented by their complaint. This burden never shifts. The burden of going forward with the evidence may shift during the trial. *McAdams v. Bailey* (1907), 169 Ind. 518, 534, 82 N. E. 1057; *Fletcher, etc., Trust Co. v. American State Bank* (1925), 196 Ind. 118, 147 N. E. 524; *Krull v. Pierce* (1947), 117 Ind. App. 638, 71 N. E. 2d

617. If the court did not find enough ultimate facts (or at least sufficient primary facts to necessitate the inference of such ultimate facts) to make out a case of fraud, we must assume they were not proved.

In this case the trial court made twenty-five findings of fact. They take up more than ten pages in appellants' brief. We do not deem it necessary to set them out in this opinion. In the first appeal of this case, *Daugherty* v. *Daugherty, supra,* at page 266, we stated the rule in reference to special findings in this language:

> "It is well established that, 'Ordinarily, it is the ultimate facts and not the evidentiary facts that should be stated in a special finding. But notwithstanding the well-settled rule that ultimate facts only should be found and that mere evidentiary facts will be disregarded the courts have held that where the primary facts found lead to but one conclusion, or where the facts found are of such a character that they necessitate the inference of the ultimate facts, such ultimate facts will be inferred and treated as found.' 2 Watson's Works Practice, p. 235, § 1593."

In that case we set out in some detail the evidence and, as hereinbefore stated, held it was not sufficient to subject the deed to avoidance. The findings in this case set out the evidence referred to in our opinion on the first appeal. While the findings are not a model, the primary facts found lead inescapably to the conclusion that at the time of the conveyance the grantor was of sound mind, that he was not subject to undue influence, and the deed was duly executed. Therefore, they are sufficient to sustain Conclusion of Law No. 1. Inasmuch as that conclusion is sufficient to sustain the judgment herein we need not consider the objections to the second

conclusion of law. *Baker* v. *McCague* (1947), ante. p. 32, 75 N. E. 2d 61.

For the reasons hereinabove stated, the trial court did not err in overruling appellants' motion for a venire de novo.

The only question presented under the assignment that the trial court erred in overruling the motion for a new trial questions the action of the trial court in overruling the motion for a jury trial as to the causes of action presented by the first three paragraphs of complaint, and the alleged error of the trial court in directing that the trial of those paragraphs be had and finally determined before trial of the issue presented by the fourth paragraph. Inasmuch as the same principle is involved in the question presented by the fifth assignment of error, we will consider these matters together.

The first three paragraphs of complaint sought to set aside the deed on the grounds of undue influence, unsoundness of mind, and undue execution of the deed. The fourth paragraph was to quiet title. In our opinion the theory of the first three paragraphs brings them within the equitable jurisdiction of the court and were not triable by jury. Watson's Works Practice, Vol. 2, § 1522, p. 190.

Section 2-1204, Burns' 1946 Replacement, provides as follows:

"Issues of law and issues of fact in causes that prior to the eighteenth day of June, 1852, were of exclusive equitable jurisdiction shall be tried by the court; issues of fact in all other causes shall be triable as the same are now triable. In case of the joinder of causes of action or defenses which, prior to said date, were of exclusive equitable jurisdiction with causes of action or defenses which, prior to said date, were designated as actions at law

and triable by jury—*the former shall be triable by the court, and the latter by a jury, unless waived; the trial of both may be at the same time or at different times, as the court may direct:* Provided, That in all cases triable by the court as above directed, the court, in its discretion, for its information, may cause any question of fact to be tried by a jury, or the court may refer any such cause to a master commissioner for hearing and report." (Our emphasis.)

The trial court has a broad discretion in such matters and we will not interfere unless it is clearly shown there was an abuse of discretion. It appears to us (and on the first appeal the appellants in this appeal conceded in their brief) the question presented by the fourth paragraph was merely incidental to those presented by the first three paragraphs of complaint. *Carmichael* v. *Adams* (1883), 91 Ind. 526. See also the recent case of *Fish* v. *Prudential Ins. Co. of America* (1947), 225 Ind. 448, 75 N. E. 2d 57. We hold the trial court did not err in ordering trial on the first three paragraphs prior to the trial by jury of the fourth paragraph.

Judgment affirmed.

NOTE.—Reported in 75 N. E. 2d 427.