### DAUGHERTY ET AL. *v.* DAUGHERTY ET AL.

[No. 17,799. Filed January 20, 1949. Rehearing denied February 16, 1949. Transfer denied March 25, 1949.]

On Petition for Rehearing. *Petition denied.*

*U. S. Lesh* and *C. W. H. Bangs,* both of Huntington, for appellants.

*Kenner, Carlson & Gordon;* and *Herbert B. Spencer,* all of Huntington, for appellees.

ROYSE, P. J.—Appellants brought this action to set aside a deed to an 80-acre farm from Thomas B. Daugherty to the appellees Leroy and Thelma R. Daugherty. This is the third appeal in this case. (The pleadings and facts are set out in our former opinions.) In the first appeal, *Daugherty et al.* v. *Daugherty et al.* (1945), 115 Ind. App. 253, 57 N. E. 2d 599, we reversed the judgment of the trial court setting aside the questioned deed on the grounds the evidence was not sufficient to sustain the finding of the trial court that the deed was executed under such circumstances as subjected it to avoidance. The cause was retried in the Whitley Circuit Court. In that case the trial court sustained appellants' motion for a jury trial as to the issues tendered by the fourth paragraph of complaint. The trial court subsequently overruled appellants' supplemental motion requesting a jury trial on the issues presented by the first, second and third paragraphs of the complaint. It then directed the issues presented by the fourth paragraph be tried subsequent to the trial of the questions arising on the first three paragraphs of the complaint. In that case, on proper request the trial court made a special finding of facts and stated its conclusions of law in favor of appellees herein. Judgment accordingly. Appellants appealed that judgment to this court. While that appeal was pending the issues presented by the fourth paragraph of complaint were submitted to trial by jury. At the conclusion of all the evidence the trial court directed the jury to return a verdict in

favor of appellees. From the judgment in that case this appeal is prosecuted.

It is a well-established rule that an appeal from the judgment of the trial court does not have the effect of vacating the judgment of the trial court. Such ██ judgment is in full force and effect until it is reversed, and is binding on the parties as to every question decided. Where a supersedeas bond is filed the enforcement of the judgment is stayed. *Nill and Another* v. *Comparet* (1861), 16 Ind. 107; *Waring et al.* v. *Fletcher et al.* (1889), 152 Ind. 620, 632, 52 N. E. 203; *The Salem-Bedford Stone Company et al.* v. *Hobbs, Administrator* (1902), 28 Ind. App. 520, 522, 63 N. E. 314; *Dinwiddie et al., Executors* v. *Shipman et al., Administrators* (1915), 183 Ind. 82, 86, 108 N. E. 228; *McConnell, Administratrix* v. *Thompson, Trustee* (1937), 213 Ind. 16, 31, 8 N. E. 2d 986.

An examination of the record in this case discloses that substantially the same evidence was introduced in evidence as was introduced on the former trials of this cause. There is no evidence in the record to show appellants have or had any interest in the property involved in this litigation except on the grounds the grantor was of unsound mind, the deed was obtained through undue influence or was unduly executed.

On the second appeal, *Daugherty et al.* v. *Daugherty et al.* (1947), 118 Ind. App 141, 75 N. E. 2d 427 (Transfer denied), in affirming the judgment of the trial court, we said: (p. 429)

> "the primary facts found lead inescapably to the conclusion that at the time of the conveyance the grantor was of sound mind, that he was not subject to undue influence, and that the deed was duly executed."

In that opinion we stated the question presented by appellants' motion for a new trial as follows:

"The only question presented under the assignment that the trial court erred in overruling the motion for a new trial questions the action of the trial court in overruling the motion for a jury trial as to the causes of action presented by the first three paragraphs of complaint, and the alleged error of the trial court in directing that the trial of those paragraphs be had and finally determined before trial of the issue presented by the fourth paragraph."

We overruled this contention and, in referring to the question presented by the fourth paragraph, said:

"It appears to us (and on the first appeal the appellants in this appeal conceded in their brief) the question presented by the fourth paragraph was merely incidental to those presented by the first three paragraphs of complaint. *Carmichael* v. *Adams et al.* (1883), 91 Ind. 526. See also the recent case of *Fish* v. *Prudential Ins. Co. of America* (1947), 225 Ind. 448, 75 N. E. 2d 57. We hold the trial court did not err in ordering trial on the first three paragraphs prior to the trial by jury of the fourth paragraph."

Right or wrong, our decision in the last mentioned case established the law of this case on the questions therein determined.

The questions which appellants seek to present were determined adversely to their contention in the second trial and appeal, and cannot be again raised here.

Judgment affirmed.

NOTE.—Reported in 83 N. E. 2d 485.

## ON PETITION FOR REHEARING

ROYSE, P. J.—Appellants, in their 'petition for rehearing, contend we erred in holding the question presented by the fourth paragraph of complaint was merely incidental to those presented' and determined at the prior trial on the first three paragraphs of complaint. In support of this they assert that by the fourth paragraph they are claiming title to this property by the law of descent from Thomas B. Daugherty. However, they apparently overlook the important fact they can have no title as heirs of said decedent to property he conveyed by valid deed to others before he died. We have previously held that the property involved here was so conveyed. *Daugherty et al.* v. *Daugherty et al.* (1947), 118 Ind. App. 141, 75 N. E. 2d 427 (Transfer denied).

Petition for rehearing denied.

NOTE.—Petition for rehearing reported in 83 N. E. 2d 902.