KESSLER *v.* WILLIAMS ET AL.

[No. 20,032. Filed April 30, 1964.]

*Fred R. Robertson* and *Richard E. Kreegar,* both of Anderson, for appellant.

*Edgar W. Bayliff* and *Cook, Bayliff, Mahoney & Martin,* of Kokomo, for appellees.

MOTE, J.—The litigation in the instant case was commenced by the appellant, Ada Kessler, when she filed a complaint to cancel a deed whereby she, reserving a life estate, conveyed the remainder of an eighty (80) acre farm to the appellees, Stanley Williams and Edith Williams. Appellees filed a counter-claim to quiet their title.

The trial court found for the appellees on their counter-claim and against appellant on her complaint. Appellant's motion for new trial was overruled and this appeal followed. The appellant assigns as error

the ruling on the said motion for new trial, which contains three specifications of error; (1) the "verdict" of the court was not sustained by sufficient evidence; (2) the "verdict" of the court was contrary to law; the third specification is not argued by appellant and, therefore, is immaterial in this appeal.

The trial court, by request of the appellees, made special findings of facts and conclusions of law in regard to both the complaint to cancel the deed and answer thereto, and the counter-claim to quiet title and the answer thereto. Those pertaining to the complaint for cancellation of the deed, omitting land description, are as follows:

" SPECIAL FINDINGS OF FACT
AND CONCLUSIONS OF LAW
ON COMPLAINT AND ANSWER

. . .

The Court finds the facts to be:

(1) That on and prior to the 11th day of August, 1959, the plaintiff was the owner in fee simple of the following described real estate in the County of Tipton, State of Indiana, to-wit:

. . .

(2) That on the 11th day of August, 1959, the plaintiff made and executed and delivered to the defendants a deed conveying the aforesaid real estate to the defendants subject to a life estate in the plaintiff and the plaintiff's daughter, Nellie Shockley, who is now deceased.

(3) That said conveyance of the aforesaid real estate to the defendants by plaintiff was made as a gift from plaintiff to defendants.

(4) That defendants made no promises to plaintiff to induce the execution of said deed.

(5) That defendants committed no wrongful act, fraud, or undue influence to induce the execution of said deed.

(6) That the defendants are now the owners of the aforesaid real estate subject to a life estate in the same in the plaintiff.

As conclusions upon said facts, the Court states:

1.

That the law is with the defendants herein.

2.

That the defendants are the owners of the following described real estate, to-wit:

. . .

That the defendants should recover from the plaintiff their costs and charges in this cause heretofore laid out and expended."

The findings of facts and conclusions of law as respects the counter-claim read:

" SPECIAL FINDINGS OF FACT
AND CONCLUSIONS OF LAW
ON COUNTER-CLAIM AND ANSWER

The Court finds the facts to be:

(1) That the defendants and counter-claimants are the owners of the remainder interest in the following real estate, in the County of Tipton, State of Indiana, to-wit:

. . .

subject to a life estate in the plaintiff, Ada S. Kessler.

(2) That the plaintiff claims an interest in said remainder interest of defendants and counter-claimants adverse to the defendants and counter-claimants.

(3) That plaintiff's claim is without right and unfounded and constitutes a cloud on said defendants and counter-claimants' title.

(4) That said defendants' and counter-claimants' title to said real estate, subject to the life estate of the plaintiff, should be quieted.

"As conclusions on said facts, the Court states:

1.

"That the law is with the defendants and counter-claimants herein.

"(2) That the defendants and counter-claimants are the owners of a remainder in fee simple in the following real estate in the County of Tipton, State of Indiana:

. . .

subject to a life estate in the plaintiff, Ada S. Kessler.

"(3) That plaintiff's claim against defendants' and counter-claimants' interest in said real estate is without right and unfounded and that said defendants' and counter-claimants' title thereto should be quieted.

"(4) That the defendants and counter-claimants should recover on said counter-claim against plaintiff and that the cost of this action should be taxed against the plaintiff."

Appellant, in her brief, argues the two specifications under her motion for new trial together.

The appellant first contends that the warranty deed, irrevocable on its face, was, in fact revocable as respects the appellees. Appellant further asserts that the burden was upon the appellees to produce evidence to the contrary. Appellant bases this assertion on the premise that when a voluntary gift of an estate of real property is made and the donor reserves a life estate, there is a presumption that the gift is revocable. In support of her position, she cites *Ewing et al.* v. *Wilson et al.* (1892), 132 Ind. 223, 31 N. E. 64, and *Deckard* v. *Kleindorfer et ux.* (1940), 108 Ind. App. 485, 29 N. E. 2d 997. Both of these cases were expressly overruled as being contrary to Indiana statutes pertaining to trusts and powers. See *Colbo,*

*et al.* v. *Buyer, et al.* (1956), 235 Ind. 518, 134 N. E. 2d 45. Appellant argues that the presumption still exists as respects conveyances that do not establish trusts, however, she cites no Indiana authorities to support her argument. In view of this, we think there is no presumption that the deed was revocable, despite language which appears to be dicta in the case of *Burgin, et al.* v. *Dries* (1960), 130 Ind. App. 249, 263, 163 N. E. 2d 609, which apparently is contrary to the Supreme Court decision of *Colbo, et al. v. Buyer, et al., supra.* To the extent, if any, that the *Burgin* case applies to the instant case, it is hereby overruled, thus to comply with the decision of our Supreme Court in the *Colbo* case.

We are not unmindful, however, that a voluntary gift by deed will be set aside when it appears that the donor did not intend to make it irrevocable, or there was fraud or mistake in its execution. In this case, however, there was evidence to the contrary, upon which the trial court could rely. The attorney who drafted the deed testified, in response to questions about his advice to the appellant as to the propriety of making such a conveyance by deed:

"A. I questioned her about the *priority* of making a deed instead of a will to carry out her desire, and Mrs. Kessler had her mind made up that she wanted the deed because she expressed the opinion that wills could be broken, and that she did not want this land to go to her sisters children, the Watson heirs.

"Q. Did you advise her as to whether she should or she should not make a deed?

"A. I did.

"Q. What did you advise her?

"A. I advised her to transfer it by will, but she had already stated her objections to that. Mrs.

Kessler, in her mind thought that wills could be broken. She definitely had reason to believe that, I don't know.

"Q. Did you advise her as to whether wills were any more secure than deeds as to finality?

"A. No. I advised her that deeds were more secure probably than wills, that they were harder to contest the wills.

"Q. Did you advise her as to whether she should or' should not do what she proposed to do?

"A. I advised her to carry out her—what she proposed to do by a will.

"Q. Did she over rule you?

"A. Yes, Mrs. Kessler knew what she wanted, and that's what I was hired to do, and I prepared the deed."

Appellant further contends that the trial court erred in finding against her on her complaint to cancel the deed, which was predicated on the theory of fraud. The complaint alleged that appellant was induced to execute the deed due to promises made to her by appellees.

The special findings of fact were negative as to appellant, who was plaintiff below and had the burden of proof as to the complaint. The appellant, therefore, is contending that the decision does not give her the affirmative relief to which she is entitled under the evidence. The decision of the trial court will be disturbed, in such a situation, only where the evidence is without conflict and leads to but one reasonable conclusion and the trial court reached a contrary one. See *Metrailer, et al.* v. *Bishop, et al.* (1959), 130 Ind. App. 77, 162 N. E. 2d 94; *A. S. C. Corporation* v. *First National Bank of Elwood et al.* (1960), 241 Ind. 19, 167 N. E. 2d 460. See also *Wadler* v. *Mogul Rubber Corporation et al.* (1945), 116 Ind.

App. 152, 61 N. E. 2d 472. In this case, the evidence as to whether or not any promises had been made by appellees was in conflict; hence, the lower court's decision will not be disturbed.

Judgment affirmed.

Hunter, P.J., Kelley and Pfaff, JJ., concur.

NOTE.—Reported in 198 N. E. 2d 22.